# Exhibit E

(Cure Notice)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Trident Microsystems, Inc., *et al.*,[1] | : | Case No. 12-________ (_____) |
| Debtors. | : | (Jointly Administered) |

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE SALE DEBTORS THAT MAY BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE** that, on January 4, 2012, the above-captioned debtors and debtors in possession (the "Debtors") commenced chapter 11 bankruptcy cases. On January 4, 2012, the Debtors filed the *Motion of the Debtors and Debtors in Possession Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code for an Order (i)(a) Approving Procedures in Connection With the Sale of Certain of the Debtors' Assets Related to Their Set Top Box Business; (b) Approving the Stalking Horse Protections; (c) Scheduling Related Auction and Hearing to Consider Approval of Sale; (d) Approving Procedures Related to the Assumption of Certain of the Debtors' Executory Contracts and Unexpired Leases; (e) Approving the Form and Manner of Notice Thereof; and (f) Granting Related Relief; and (ii)(a) Authorizing the Sale of Certain of the Debtors' Assets Related to Their Set Top Box Business Pursuant to the Successful Bidder's Asset Purchase Agreement Free and Clear of Liens, Claims, Encumbrances, and Other Interests (b) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (c) Granting Related Relief* (the "Motion")[2]

**PLEASE TAKE FURTHER NOTICE** that, on __________, 2012, the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain tangible and intangible assets related to the set-top box business (the "Purchased Assets") of the Debtors and of each of the Debtors' subsidiaries that owns Purchased Assets and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

---

1 The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Purchased Assets to the Successful Bidder, free and clear of all liens, claims, interests and encumbrances pursuant to section 363 of the Bankruptcy Code, including the assumption by the Debtors and assignment to the buyer of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code (the "Assumed Executory Contracts").

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on February 20, 2012 at ____:____ _.m. (prevailing Eastern Time), before the Honorable ______________, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 5th Floor, Courtroom ____. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may seek to assume an executory contract or unexpired lease to which you may be a party. The Assumed Executory Contract is described on Exhibit 1 attached to this Notice. The amount shown on Exhibit 1 hereto as the "Cure Amount" is the amount, if any, based upon the Debtors' books and records, which the Debtors assert is owed to cure any defaults existing under the Assumed Executory Contract.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount shown for the Assumed Executory Contract(s) on Exhibit 1 to which you are a party, you must file in writing with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, an objection on or before 4:00 p.m. (prevailing Eastern Time) on February 16, 2012. Any objection must set forth the specific default or defaults alleged and set forth any cure amount as alleged by you. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an objection to the Cure Amount contained in this Notice, you will receive at the time of the closing of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if any, with payment made pursuant to the terms of the applicable purchase agreement and any order approving the Sale. Any non-debtor party to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the Debtors' assumption and assignment of the Assumed Executory Contract to which you may be a party (other than an objection to the Cure Amount, which Cure Amount objection must be filed as set forth above), including without limitation, with respect to the buyer's ability to provide adequate assurance of future performance under the Assumed Executory Contract, you also must file that objection in writing no later than 4:00 p.m. (prevailing Eastern Time) on February 16, 2012;

**PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served so as to be received by the following parties by the applicable objection deadline date and time: (a)

counsel to the Debtors: DLA Piper LLP (US), 203 N. LaSalle Street, Suite 1900, Chicago, IL 60601 (Fax: 312-236-7516) (Attn: Richard A. Chesley, Esq.) and DLA Piper LLP (US), 919 N. Market Street, Suite 1500, Wilmington, DE 19801 (Fax: 302-394-2341) (Attn: Stuart M. Brown, Esq.); (b) counsel to the Stalking Horse Purchaser: Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com) and Alex R. Velinsky (avelinsky@cooley.com)); (c) counsel to the Official Committee of Unsecured Creditors: ______________; and (d) the Office of the United States Trustee: U.S. Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware, 19899-0035 (Attn: Juliet Sarkessian, Esq.).

**PLEASE TAKE FURTHER NOTICE** that the buyer shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under sections 365(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in connection with the proposed assignment of any Assumed Executory Contract. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtors and the non-debtor party cannot resolve any Cure Amount Objection, the Debtors shall segregate any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Cure Amount Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, except to the extent otherwise provided in the Modified Purchase Agreement with the Successful Bidder, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and the Debtors' estates shall be relieved of all liability accruing or arising after the effective date of assumption and assignment of the Assumed Executory Contracts.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors to assume any Assumed Executory Contracts or to pay any Cure Amount.[3]

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

ANY NON-DEBTOR PARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT

---

3 "Assumed Executory Contracts" are those Contracts and Leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Successful Bidder may choose to exclude certain of the Debtors' Contracts or Leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such Contracts and Leases not to be assumed by the Debtors.

Dated: January 4, 2012
Wilmington, Delaware

Respectfully submitted,

____________________________________

Stuart M. Brown (DE 4050)
Cynthia Moh (DE 5041)
DLA PIPER LLP (US)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com
cynthia.moh@dlapiper.com

-and-

Richard A. Chesley (IL 6240877)
Kimberly D. Newmarch (DE 4340)
Chun I. Jang (DE 4790)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: richard.chesley@dlapiper.com
kim.newmarch@dlapiper.com
chun.jang@dlapiper.com

PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

**Exhibit 1**

**(Assumed Executory Contracts)**