This is the Exhibit shown to me and marked "Exhibit 1" to the Affidavit of Colin Douglas McKie

Sworn before me this 20th day of January 2012.



Notary Public

Before me, Chandra A Ebanks, a Notary Public in and for the Cayman Islands

this 20th day of January 2012

(My commission expires on 31st January 2012)

# INDEX TO EXHIBIT 1 TO AFFIDAVIT OF COLIN DOUGLAS MCKIE

| DOCUMENT | DATE | PAGE NO. |
|---|---|---|
| Winding Up Petition | 4 January 2012 | 1-4 |
| Order | 11 January 2012 | 5-10 |

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD 1 OF 2012 (RJ)

**IN THE MATTER OF SECTIONS OF THE COMPANIES LAW (2011 REVISION)**
**AND**
**IN THE MATTER OF TRIDENT MICROSYSTEMS (FAR EAST) LTD.**



**WINDING UP PETITION**

**To the Grand Court**

The humble petition of Trident Microsystems (Far East) Ltd. ("**Company**"), an exempted company with limited liability incorporated under the laws of the Cayman Islands, with a registered office at M&C Corporate Services Ltd, PO Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman shows that:

1. The Company was incorporated in the Cayman Islands on 3 January 1996 as an exempted company limited by shares under the then revision of the Companies Law.

2. The registered office of the Company is situate at PO Box 309 GT, Ugland House, South Church Street, George Town, Grand Cayman.

3. The authorised share capital of the Company is US$50,000.00 divided into 50,000 ordinary shares with a nominal value of US$1.00 each.

4. The Company has 18,000 ordinary shares in issue, which shares are fully paid or credited as fully paid and are held by Trident Microsystems Inc. as the sole shareholder.

5. The objects for which the Company was established are unrestricted and as more particularly set out in its Memorandum of Association.

1

6    By way of a written resolution dated 4 January 2012, the sole shareholder of the Company passed the following ordinay resolution pursuant to section 94(1)(a) of the Companies Law:

*"that the Directors of the Company be authorised to present a winding up petition to the Grand Court of the Cayman Islands, on behalf of and in the name of the Company, to wind up the Company if thought fit and to take all other necessary steps for that purpose".*

7    As at 31 October 2011, the Company was insolvent on a balance sheet basis. The Company also has insufficient assets to be able to pay debts due for repayment to creditors on or before 31 January 2012. In the premises, the Company is insolvent and should be wound up and/or it is just and equitable that the Company be wound up.

**YOUR PETITIONER THEREFORE HUMBLY PRAYS THAT:**

(1)    The Company be wound up in accordance with the Companies Law (2011 Revision).

(2)    Gordon McRae and Eleanor Fisher each of Zolfo Cooper Cayman Islands, P.O. Box 1102, 4th Floor, Building 3, Cayman Financial Centre, George Town, Grand Cayman, KY1-1102, Cayman Islands, be appointed as joint official liquidators ("**JOLs**") of the Company with power to act jointly and severally.

(3)    The JOLs shall not be required to give security for their appointment.

(4)    The JOLs remuneration and expenses be paid out of the assets of the Company in accordance with Part III of the Insolvency Practitioner's Regulations 2008 (as amended) and CWR O.20.

(5)    The JOLs be authorised to take such steps as may be necessary or expedient for the protection of the Company's assets, and for that purpose may exercise any of the powers specified in Part I and II of the Third Schedule to the Law without further sanction of the Court or otherwise as the Court may direct.

(6)    The costs of this Petition shall be paid out of the assets of the Company, as an expense of the liquidation, to be taxed if not agreed.

(7)    Such further or other relief be granted as the Court deems appropriate.

Dated the 4th day of January 2012.

_____*Maples and Calder*_____
**Maples and Calder**
NOTE: This Petition is not intended to be served on any party.

This Petition was presented by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309GT, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands. (Ref: CDM/CJM/209617/22547926).

## NOTICE OF HEARING

TAKE NOTICE THAT the hearing of this petition will take place at the Law Courts, George Town, Grand Cayman, on 16th February, 2012 at 10.00am.

Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Financial Services Division of the Grand Court at PO Box 495, Grand Cayman, KY1-1106, telephone 345 949 4296.

4

4

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**



CAUSE NO: FSD 1 OF 2012 (PCJ)

In Chambers
11 January 2012
Before the Honourable Justice Sir Peter Cresswell

**IN THE MATTER OF THE COMPANIES LAW (2011 REVISION)**

**AND IN THE MATTER OF TRIDENT MICROSYSTEMS (FAR EAST) LTD.**

---

**ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATORS**

---

UPON the application of Trident Microsystems (Far East) Ltd. (the "**Company**") by its *ex parte* Summons for the appointment of joint provisional liquidators

AND UPON reading the Petition, the First, Second, Third and Fourth Affidavits of David Teichmann, the Affidavit of Gordon MacRae and the Affidavit of Eleanor Fisher and exhibits thereto

AND UPON hearing Counsel for the Company

IT IS ORDERED that:

1    Gordon MacRae and Eleanor Fisher, each of Zolfo Cooper Cayman Islands, P.O. Box 1102, 4th Floor, Building 3, Cayman Financial Centre, George Town, Grand Cayman, KY1-1102, Cayman Islands (tel: +1 345 946 0081) be appointed joint provisional liquidators ("**JPLs**") of the Company with the power to act jointly and severally.

2    Until further order, the JPLs be authorised and have the power to:

    (a)    act jointly and severally in their capacity as JPLs of the Company;

(b) review and supervise the day-to-day operations of the Company and the actions taken by the directors pursuant to paragraphs 4 (a) to (d) and (f) below and to attend meetings (in person or by telephone or video-conference) with the directors (or their authorised representatives) and/or FTI Consulting Inc. ("**FTI**") and/or other officers of the Company, Trident Microsystems Inc. ("**TMI**"), Trident Microsystems Hong Kong Ltd. ("**TMHK**") or their subsidiaries;

(c) supervise the opening and closing of bank accounts by the directors of the Company;

(d) open a bank account on behalf of the Company (in provisional liquidation) for the purpose of paying the costs and expenses of the provisional liquidation;

(e) consult and agree with the directors and officers of the Company and/or the directors and officers of TMI and/or with FTI in respect of any sale of property, assets or businesses of the Company save that the JPLs may require that any sale of such property, assets or businesses be subject to the approval of this Honourable Court;

(f) consider and agree with the directors of the Company and the directors of TMI the terms of a protocol for the further operation of the businesses of the Company and TMI and co-operation and co-ordination of the proceedings herein and the proceedings before the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**") commenced by the Company and TMI pursuant to Chapter 11 of Title 11 of the United States Code (Case No. 12-10069-CSS) ("**Delaware Bankruptcy Proceedings**"), and seek the approval of this Honourable Court for any such protocol;

(g) make payments to creditors which may have the affect of preferring a creditor, in order to minimise the interruption to the day to day activities of the Company and its subsidiaries, subject to an aggregate cap of US$2 million (including any pre-petition debts of TMI paid by TMI);

(h) discharge debts incurred by the Company after the commencement of the Delaware Bankruptcy Proceedings but prior to the date of this order as if they

were expenses or disbursements properly incurred in the provisional liquidation pursuant to CWR. O. 20 r. 1;

(i) consider and agree with the directors of the Company and the directors of TMI any plan to restructure the Company or any plan of compromise or arrangement with Company's creditors and seek the approval of this Honourable Court for any such plan;

(j) take all steps necessary for the orderly conduct of the proceedings herein and the Delaware Bankruptcy Proceedings;

(k) seek recognition in any jurisdiction the JPLs deem necessary;

(l) appoint counsel, attorneys and professional advisors, (including in particular Maples and Calder (as Cayman Islands attorneys) and DLA Piper LLP (as US attorneys), FTI and Kurtzman Carson Consulting LLC), whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties for the purpose of the proceedings herein and the Delaware Bankruptcy Proceedings and to remunerate them out of the assets of the Company as an expense of the liquidation;

(m) pay their remuneration on account out of the assets of the Company in accordance with the Insolvency Practitioner's Regulations (2008) (as amended).

3  Until further order, the JPLs be directed to:

(a) submit a report to this Honourable Court on the conduct of the provisional liquidation within 4 weeks hereof and at such future intervals as this Honourable Court may from time to time direct;

(b) submit any reports to the Delaware Bankruptcy Court in respect of the Delaware Bankruptcy Proceedings at such intervals as the Delaware Bankruptcy Court may from time to time direct;

  (c) take steps to seek the constitution of a liquidation committee.

4 Until further order, upon the directors of the Company undertaking to attend weekly meetings with the JPLs, (or at such other frequency as the JPLs shall from time to time require), in person or by telephone or video-conference, either by themselves or by representatives authorised to act on their behalf, and undertaking to procure that FTI and the directors of TMI (or representatives authorised to act on behalf of TMI, including legal counsel) attend any such meetings that the JPLs shall require, that the directors of the Company be authorised, subject to the supervision of the JPLs, to act for and on behalf of the Company as follows:

  (a) to continue to conduct the ordinary, day-to-day, business operations of the Company;

  (b) to continue to carry out the Company's obligations in the ordinary course of the Company's business to TMHK pursuant to the distribution and supply agreement dated 1 June 2009 between the Company and TMHK, including the sale of the Company's products to TMHK in the ordinary course;

  (c) to continue to control the licensing of the Company's patents and other intellectual property to third parties in the ordinary course of the Company's business;

  (d) to continue to operate the following bank accounts of the Company in the ordinary course of the Company's business:

| BANK | ADDRESS | CURRENCY | ACCOUNT # | ACCOUNT TYPE |
|---|---|---|---|---|
| **California Bank & Trust** | 700 West El Camino Real, Mountain View, CA 94040 | USD | 077-03343970 | Checking |
| **California Bank & Trust** | 700 West El Camino Real, Mountain View, CA 94040 | USD | 177-0083709 | Money Plus |
| **Bank of America** | 9/F., Devon House, 979 King's Road, Hong Kong | USD | 6055-84270-044 | Disbursement |

4

| Bank of America | 9/F., Devon House, 979 King's Road, Hong Kong | HKD | 6055-84270-052 | Disbursement |
|---|---|---|---|---|
| Bank of America | 9/F., Devon House, 979 King's Road, Hong Kong | EUR | 6055-84270-060 | Disbursement |
| Bank of America | 9/F., Devon House, 979 King's Road, Hong Kong | USD | 6055-84270-036 | Receivables |
| Bank of America | 9/F., Devon House, 979 King's Road, Hong Kong | EUR | 6055-84270-028 | Receivables (Inactive) |
| Bank of America | 9/F., Devon House, 979 King's Road, Hong Kong | HKD | 6055-84270-010 | (Receivables) Inactive |

(e)     subject to the prior approval and consent of the JPLs, to open and close bank accounts on behalf of the Company;

(f)     to operate the Company's existing cash management system in accordance with the interim Order of the Delaware Bankruptcy Court dated 5 January, 2012;

(g)     to consult and agree with the JPLs in respect of steps to be taken for any further sale of any other property, assets, or businesses of the Company, save that the JPLs may require that any sale of such property, assets or businesses be subject to the approval of this Honourable Court;

(h)     in consultation with the JPLs, to take all steps necessary in the Delaware Bankruptcy Court for the orderly conduct of the Delaware Bankruptcy Proceedings including, without limitation, all steps necessary to agree the terms of the protocol referred to at paragraph 2(f) above and to obtain the approval of the Delaware Bankruptcy Court thereof;

(i)     to consult and agree with the JPLs in respect of the formulation of any plan restructuring for the Company and/or any plan of compromise or arrangement with Company's creditors, save that the implementation of any such plan will be subject to the approval of this Honourable Court.

5   The JPLs not be required to give security for their appointment.

6   The costs of this application be paid out of the assets of the Company as an expense of the liquidation.

7   The Company has leave to amend the Petition at paragraph 7 by deleting the first sentence and the word "also" from the second sentence thereof.

8   The hearing of the Petition herein be listed to be heard at 10 a.m. on 16 February 2012.

9   The appointment of the JPLS and the hearing date of the Petition be advertised, by way of a composite advertisement, once in the Cayman Islands Gazette within 7 days hereof and once in the *International Edition of the Wall Street Journal* as soon as reasonably practicable.

Dated the 11th day of January 2012.
Filed the 16th day of January 2012.

_____
The Honourable Mr Justice Cresswell
JUDGE OF THE GRAND COURT

FILED by Maples and Calder, attorneys for the Petitioner, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/CJM/209617/22552360)