This is the Exhibit shown to me and marked "Exhibit 2" to the Affidavit of Colin Douglas McKie

Sworn before me this 20th day of January 2012.



Notary Public

**Before me, Chandra A Ebanks, a Notary Public
in and for the Cayman Islands**

this 20ᵗʰ day of January 2012

(My commission expires on 31st January 2012 )

### INDEX TO EXHIBIT 2 TO AFFIDAVIT OF
### COLIN DOUGLAS MCKIE

| DOCUMENT | PAGE NO. |
|---|---|
| Part V of the Companies Law (2011 Revision) | 1-30 |
| Foreign Bankruptcy Proceedings (International Co-operation) Rules 2008 | 31-40 |

Supplement No. 4 published with Gazette No. 22 of 24th October, 2011.

# COMPANIES LAW

## (2011 Revision)

Cap. 22 (Law 3 of 1961) of the 1963 Revised Edition of the Laws consolidated with Laws 12 of 1962, 9 of 1966, 1 of 1971, 7 of 1973, 24 of 1974, 25 of 1975, 19 of 1977, 16 of 1978, 8 of 1980, 21 of 1981, 34 of 1983, 2 of 1984, 22 of 1984, 15 of 1985, 38 of 1985, 24 of 1987, 14 of 1988, 14 of 1989, 10 of 1990, 3 of 1991, 23 of 1991 (part), 11 of 1992, 3 of 1993, 23 of 1993, 33 of 1993, 2 of 1994, 8 of 1994, 14 of 1996, 26 of 1997, 4 of 1998, 6 of 1998, 20 of 1998 (part), 5 of 1999, 7 of 2000 (part), 5 of 2001, 10 of 2001, 29 of 2001, 46 of 2001, 22 of 2002, 26 of 2002, 28 of 2003, 13 of 2006, 15 of 2007, 12 of 2009, 33 of 2009, 37 of 2010 and 16 of 2011.

Revised under the authority of the Law Revision Law (1999 Revision).

Originally enacted-

| | |
|---|---|
| Cap. 22-1st January, 1964 | Law 23 of 1993-29th September, 1993 |
| Law 9 of 1966-14th March, 1966 | Law 33 of 1993-29th November, 1993 |
| Law 1 of 1971-8th January, 1971 | Law 2 of 1994-9th March, 1994 |
| Law 7 of 1973-28th June, 1973 | Law 8 of 1994-23rd September, 1994 |
| Law 24 of 1974-22nd November, 1974 | Law 14 of 1996-5th September, 1996 |
| Law 25 of 1975-9th December, 1975 | Law 26 of 1997-15th December, 1997 |
| Law 19 of 1977-10th November, 1977 | Law 4 of 1998-4th March, 1998 |
| Law 16 of 1978-8th September, 1978 | Law 6 of 1998-9th March, 1998 |
| Law 6 of 1980-17th March, 1980 | Law 20 of 1998-15th February, 1999 |
| Law 21 of 1981-13th October, 1981 | Law 5 of 1999-14th April, 1999 |
| Law 34 of 1983-24th November, 1983 | Law 7 of 2000- 20th July, 2000. |
| Law 2 of 1984-28th February, 1984 | Law 5 of 2001-20th April, 2001 |
| Law 22 of 1984-7th September, 1984 | Law 10 of 2001-25th May, 2001 |
| Law 15 of 1985-24th May, 1985 | Law 29 of 2001-26th September, 2001 |
| Law 38 of 1985-19th December, 1985 | Law 46 of 2001-14th January, 2002 |
| Law 24 of 1987-17th November, 1987 | Law 22 of 2002-5th December, 2002 |
| Law 14 of 1988-9th September, 1988 | Law 26 of 2002-5th December, 2002 |
| Law 14 of 1989-5th September, 1989 | Law 28 of 2003-3rd December, 2003 |
| Law 10 of 1990-18th July, 1990 | Law 13 of 2006-1st June, 2006 |
| Law 3 of 1991-21st February, 1991 | Law 15 of 2007-17th September, 2007 |
| Law 23 of 1991-12th December, 1991 | Law 12 of 2009-20th March, 2009 |
| Law 11 of 1992-13th July, 1992 | Law 33 of 2009-2nd December, 2009 |
| Law 3 of 1993-26th March, 1993 | Law 37 of 2010-15th September, 2010 |
| | Law 16 of 2011-11th April, 2011. |

Consolidated and revised this 31st day of July, 2011.

*Companies Law (2011 Revision)*

four months after the making of the offer in that behalf by the transferee company, been approved by the holders of not less than ninety per cent in value of the shares affected, the transferee company may, at any time within two months after the expiration of the said four months, give notice in the prescribed manner to any dissenting shareholder that it desires to acquire his shares, and where such notice is given the transferee company shall, unless on an application made by the dissenting shareholder within one month from the date on which the notice was given, the Court thinks fit to order otherwise, be entitled and bound to acquire those shares on the terms on which under the scheme or contract the shares of the approving shareholders are to be transferred to the transferee company.

(2)   Where a notice has been given by the transferee company under this section and the Court has not, on an application made by the dissenting shareholder, ordered to the contrary, the transferee company shall, on the expiration of one month from the date on which the notice has been given or, if an application to the Court by the dissenting shareholder is then pending, after that application has been disposed of, transmit a copy of the notice to the transferor company and pay or transfer to the transferor company the amount or other consideration representing the price payable by the transferee company for the shares which by virtue of this section that company is entitled to acquire, and the transferor company shall thereupon register the transferee company as the holder of those shares.

(3)   Any sums received by the transferor company under this section shall be paid into a separate bank account, and any such sums and any other consideration so received shall be held by that company on trust for the several persons entitled to the shares in respect of which the said sum or other consideration were respectively received.

(4)   In this section-

"dissenting shareholder" includes a shareholder who has not assented to the scheme or contract and any shareholder who has failed or refused to transfer his shares to the transferee company, in accordance with the scheme or contract.

## PART V - Winding up of Companies and Associations

### Introductory

Definitions

89.   In this Part-

"company" includes a foreign company in respect of which the Court has made a winding up order;

"contributory" means -

    (a)    every person liable by virtue of section 49 to contribute to the assets of a company in the event that it is wound up under this Law; and

    (b)    every holder of fully paid up shares of a company;

"controller" means a person appointed by the Authority pursuant to the regulatory laws to take control of a company;

"document" includes any device by means of which information is recorded or stored;

"foreign company" means any body corporate incorporated outside the Islands;

"foreign practitioner" means a person who is qualified under the law of a foreign country to perform functions equivalent to those performed by official liquidators under this Law or by trustees in bankruptcy under the Bankruptcy Law (1997 Revision);   *1997 Revision*

"limited partnership" means an ordinary limited partnership registered in accordance with section 49 of the Partnership Law (2011 Revision) or an   *2011 Revision* exempted limited partnership registered in accordance with Section 9 of the Exempted Limited Partnership Law (2011 Revision);   *2011 Revision*

"official liquidator" means the liquidator of a company which is being wound up by order of the Court or under the supervision of the Court and includes a provisional liquidator;

"prescribed" means prescribed by the Insolvency Rules Committee;

"professional service provider" means a person who contracts to provide general managerial or administrative services to a company on an annual or continuing basis;

"qualified insolvency practitioner" means a person holding the qualifications specified in the regulations made by the Insolvency Rules Committee under section 155 or such other qualifications as the Court considers appropriate for the conduct of the winding up of a company;

"Rules" mean rules prescribed by the Insolvency Rules Committee;

"shadow director" means, in relation to a company, any person in accordance with whose directions or instructions the directors of the company are accustomed to act, but the person is not deemed to be a shadow director by reason only that the directors act on advice given by him in a professional capacity; and

"winding up order" includes an order that a voluntary winding up continue under the supervision of the Court and references to a company being wound

61

*Companies Law (2011 Revision)*

up by the Court includes a company which is being wound up under the supervision of the Court.

Alternative modes of winding up

90.  A company may be wound up-

(a)  compulsorily by order of the Court;
(b)  voluntarily-
   (i)  by virtue of a special resolution;
   (ii)  because the period, if any, fixed for the duration of the company by its articles of association has expired; or
   (iii)  because the event, if any, has occurred, on the occurrence of which its articles of association provide that the company shall be wound up; or
(c)  under the supervision of the Court.

Jurisdiction of the Court

91.  The Court has jurisdiction to make winding up orders in respect of-

(a)  an existing company;
(b)  a company incorporated and registered under this Law;
(c)  a body incorporated under any other law; and
(d)  a foreign company which-
   (i)  has property located in the Islands;
   (ii)  is carrying on business in the Islands;
   (iii)  is the general partner of a limited partnership; or
   (iv)  is registered under Part IX.

## Winding up by the Court

Circumstances in which a company may be wound up by the Court

92.  A company may be wound up by the Court if-

(a)  the company has passed a special resolution requiring the company to be wound up by the Court;
(b)  the company does not commence its business within a year from its incorporation, or suspends its business for a whole year;
(c)  the period, if any, fixed for the duration of the company by the articles of association expires, or whenever the event, if any, occurs, upon the occurrence of which it is provided by the articles of association that the company is to be wound up;
(d)  the company is unable to pay its debts; or
(e)  the Court is of opinion that it is just and equitable that the company should be wound up

Definition of inability to pay debts

93.  A company shall be deemed to be unable to pay its debts if-

(a)  a creditor by assignment or otherwise to whom the company is indebted at law or in equity in a sum exceeding one hundred dollars then due, has served on the company by leaving at its

62

**4**

*Companies Law (2011 Revision)*

registered office a demand under his hand requiring the company to pay the sum so due, and the company has for the space of three weeks succeeding the service of such demand, neglected to pay such sum, or to secure or compound for the same to the satisfaction of the creditor;

(b)  execution of other process issued on a judgement, decree or order obtained in the Court in favour of any creditor at law or in equity in any proceedings instituted by such creditor against the company, is returned unsatisfied in whole or in part; or

(c)  it is proved to the satisfaction of the Court that the company is unable to pay its debts.

94.  (1)  An application to the Court for the winding up of a company shall be by petition presented either by-       <span style="float:right">Application for winding up</span>

(a)  the company;

(b)  any creditor or creditors (including any contingent or prospective creditor or creditors);

(c)  any contributory or contributories; or

(d)  subject to subsection (4), the Authority pursuant to the regulatory laws.

(2)  Where expressly provided for in the articles of association of a company the directors of a company incorporated after the commencement of this Law have the authority to present a winding up petition on its behalf without the sanction of a resolution passed at a general meeting.

(3)  A contributory is not entitled to present a winding up petition unless either-

(a)  the shares in respect of which he is a contributory, or some of them, are partly paid; or

(b)  the shares in respect of which he is a contributory, or some of them, either were-

(i)  originally allotted to him, or have been held by him, and registered in his name for a period of at least six months immediately preceding the presentation of the winding up petition; or

(ii)  have devolved on him through the death of a former holder.

(4)  A winding up petition may be presented by the Authority in respect of any company which is carrying on a regulated business in the Islands upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law.

95.  (1)  Upon hearing the winding up petition the Court may-       <span style="float:right">Powers of the Court</span>

63

5

*Companies Law (2011 Revision)*

    (a)   dismiss the petition;

    (b)   adjourn the hearing conditionally or unconditionally;

    (c)   make a provisional order; or

    (d)   any other order that it thinks fit,

but the Court shall not refuse to make a winding up order on the ground only that the company's assets have been mortgaged or charged to an amount equal to or in excess of those assets or that the company has no assets.

    (2)   The Court shall dismiss a winding up petition or adjourn the hearing of a winding up petition on the ground that the petitioner is contractually bound not to present a petition against the company.

    (3)   If the petition is presented by members of the company as contributories on the ground that it is just and equitable that the company should be wound up, the Court shall have jurisdiction to make the following orders, as an alternative to a winding-up order, namely-

    (a)   an order regulating the conduct of the company's affairs in the future;

    (b)   an order requiring the company to refrain from doing or continuing an act complained of by the petitioner or to do an act which the petitioner has complained it has omitted to do;

    (c)   an order authorising civil proceedings to be brought in the name and on behalf of the company by the petitioner on such terms as the Court may direct; or

    (d)   an order providing for the purchase of the shares of any members of the company by other members or by the company itself and, in the case of a purchase by the company itself, a reduction of the company's capital accordingly.

    (4)   Where an alternative order under subsection (3) requires the company not to make any, or any specified, alteration in the memorandum or articles of association, the company does not have power, without the leave of the Court, to make any such alteration in breach of that requirement.

    (5)   Any alteration in a company's memorandum or articles of association made by virtue of an alternative order under subsection (3) is of the same effect as if duly made by resolution of the company, and the provisions of this Law shall apply to the memorandum or articles of association as so altered accordingly.

    (6)   A copy of an alternative order made under subsection (3) altering, or giving leave to alter, a company's memorandum or articles of association shall be filed by the company with the Registrar within fourteen days of the making of the order.

*Companies Law (2011 Revision)*

96. At any time after the presentation of a winding up petition and before a winding up order has been made, the company or any creditor or contributory may- Power to stay or restrain proceedings

    (a) where any action or proceeding against the company, including a criminal proceeding, is pending in a summary court, the Court, the Court of Appeal or the Privy Council, apply to the court in which the action or proceeding is pending for a stay of proceedings therein; and

    (b) where any action or proceeding is pending against the company in a foreign court, apply to the Court for an injunction to restrain further proceedings therein,

and the court to which application is made may, as the case may be, stay or restrain the proceedings accordingly on such terms as it thinks fit.

97. (1) When a winding up order is made or a provisional liquidator is appointed, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the Court and subject to such terms as the Court may impose. Avoidance of attachments and stay of proceedings

    (2) When a winding up order has been made, any attachment, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

98. When a winding up order is made, the liquidator shall- Notice of winding up order

    (a) file a copy of the winding up order with the Registrar; and

    (b) publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised.

99. When a winding up order has been made, any disposition of the company's property and any transfer of shares or alteration in the status of the company's members made after the commencement of the winding up is, unless the Court otherwise orders, void. Avoidance of property dispositions, etc.

100. (1) If, before the presentation of a petition for the winding up of a company by the Court- Commencement of winding up by Court

    (a) a resolution has been passed by the company for voluntary winding up;

    (b) the period, if any, fixed for the duration of the company by the articles of association has expired; or

    (c) the event upon the occurrence of which it is provided by the articles of association that the company is to be wound up has occurred,

*Companies Law (2011 Revision)*

the winding up of the company is deemed to have commenced at the time of passing of the resolution or the expiry of the relevant period or the occurrence of the relevant event.

(2)   In any other circumstance not specified in subsection (1), the winding up of a company by the Court is deemed to commence at the time of the presentation of the petition for winding up.

**Company's statement of affairs**

101. (1)   Where the Court has made a winding up order or appointed a provisional liquidator, the liquidator may require some or all of the persons mentioned in subsection (3) to prepare and submit to him a statement in the prescribed form as to the affairs of the company.

(2)   The statement shall be verified by an affidavit sworn by the persons required to submit it and shall show-

    (a)   particulars of the company's assets and liabilities, including contingent and prospective liabilities;

    (b)   the names and addresses of any persons having possession of the company's assets;

    (c)   the assets of the company held by those persons;

    (d)   the names and addresses of the company's creditors;

    (e)   the securities held by those creditors;

    (f)   the dates when the securities were respectively given; and

    (g)   such further or other information that the liquidator may require.

(3)   The persons referred to in subsection (1) are-

    (a)   persons who are or have been directors or officers of the company;

    (b)   persons who are or have been professional service providers to the company; and

    (c)   persons who are or have been employees of the company, during the period of one year immediately preceding the relevant date.

(4)   Where any persons are required under this section to submit a statement of affairs to the liquidator, they shall do so, subject to subsection (5), before the end of the period of twenty-one days beginning with the day after that on which the prescribed notice of the requirement is given to them by the liquidator.

(5)   The liquidator may release a person from an obligation imposed on him under subsection (1) or, when giving the notice mentioned in subsection (4) or subsequently, the liquidator may extend the time for compliance; and if the liquidator refuses to extend the time for compliance, the Court may do so.

(6)   In this section-

66

8

"relevant date" means-

    (a)  in a case where a provisional liquidator is appointed, the date of his appointment; and

    (b)  in any other case, the commencement of the winding up.

    (7)  A person who, without reasonable excuse, fails to comply with any obligation imposed under this section commits an offence and is liable on conviction to a fine of ten thousand dollars.

102. (1)  Where a winding up order is made by the Court, the liquidator shall be empowered to investigate-    *Investigation by liquidator*

    (a)  if the company has failed, the causes of the failure; and

    (b)  generally, the promotion, business, dealings and affairs of the company,

and to make such report, if any, to the Court as he thinks fit.

    (2)  Subject to obtaining the directions of the Court, the liquidator shall have power to -

    (a)  assist the Authority and the Royal Cayman Islands Police Force to investigate the conduct of persons referred to in section 101(3); and

    (b)  institute and conduct a criminal prosecution of persons referred to in section 101(3).

    (3)  Subject to obtaining the prior approval of the company's creditors, if it is insolvent, or its contributories, if it is solvent, the directions given under subsection (2) may include a direction that the whole or part of the costs of investigation and prosecution be paid out of the assets of the company.

103. (1)  This section applies to any person who, whether resident in the Islands or elsewhere-    *Duty to co-operate and the private examination of relevant persons*

    (a)  has made or concurred with the statement of affairs;

    (b)  is or has been a director or officer of the company;

    (c)  is or was a professional service provider to the company;

    (d)  has acted as a controller, advisor or liquidator of the company or receiver or manager of its property;

    (e)  not being a person falling within paragraphs (a) to (c), is or has been concerned or has taken part in the promotion, or management of the company,

and such person is referred to in this section as the "relevant person".

    (2)  It is the duty of every relevant person to co-operate with the official liquidator.

*Companies Law (2011 Revision)*

(3)  While a company is being wound up, the official liquidator may at any time before its dissolution apply to the Court for an order-

(a)  for the examination of any relevant person; or

(b)  that a relevant person transfer or deliver up to the liquidator any property or documents belonging to the company.

(4)  Unless the Court otherwise orders, the official liquidator shall make an application under subsection (3) if he is requested in accordance with the rules to do so by one-half, in value, of the company's creditors or contributories.

(5)  On an application made under subsection (3) (a), the Court may order that a relevant person-

(a)  swear an affidavit in answer to written interrogatories;

(b)  attend for oral examination by the official liquidator at a specified time and place, or

(c)  do both things specified in paragraphs (a) and (b).

(6)  The Court may direct that any creditor or contributory of the company be permitted by the official liquidator to participate in an oral examination.

(7)  The Court shall have jurisdiction-

(a)  to make an order under this section against a relevant person resident outside the Islands; and

(b)  to issue a letter of request for the purpose of seeking the assistance of a foreign court in obtaining the evidence of a relevant person resident outside the jurisdiction.

**Official Liquidators**

Appointment and powers of provisional liquidator

104. (1)  Subject to this section and any rules made under section 155, the Court may, at any time after the presentation of a winding up petition but before the making of a winding up order, appoint a liquidator provisionally.

(2)  An application for the appointment of a provisional liquidator may be made under subsection (1) by a creditor or contributory of the company or, subject to subsection (6), the Authority, on the grounds that-

(a)  there is a *prima-facie* case for making a winding up order; and

(b)  the appointment of a provisional liquidator is necessary in order to-

(i)  prevent the dissipation or misuse of the company's assets;

(ii)  prevent the oppression of minority shareholders; or

(iii)  prevent mismanagement or misconduct on the part of the company's directors.

68

(3)   An application for the appointment of a provisional liquidator may be made under subsection (1) by the company *ex-parte* on the grounds that-

    (a)   the company is or is likely to become unable to pay its debts within the meaning of section 93; and

    (b)   the company intends to present a compromise or arrangement to its creditors.

(4)   A provisional liquidator shall carry out only such functions as the Court may confer on him and his powers may be limited by the order appointing him.

(5)   The remuneration of the provisional liquidator shall be fixed by the Court from time to time on his application and the Court shall in fixing such remuneration act in accordance with rules made under section 155.

(6)   An application for the appointment of a provisional liquidator may be presented by the Authority on the grounds under subsection (2), in respect of any company which is carrying on a regulated business in the Islands upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law regardless of whether or not the Authority presented the winding up petition.

105. (1)   For the purpose of conducting the proceedings in winding up a company and assisting the Court therein, there may be appointed one or more than one person to be called an official liquidator or official liquidators; and the Court may appoint to such office such person as it thinks fit, and if more persons than one are appointed to such office, the Court shall declare whether any act hereby required or authorised to be done by the official liquidator is to be done by all or any or more of such persons.

        *Appointment of official liquidator*

(2)   The Court may also determine whether any and what security is to be given by an official liquidator on his appointment; and if no official liquidator is appointed, or during any vacancy in such office, all the property of the company shall be in the custody of the Court.

(3)   The liquidator shall, within twenty-eight days of the date upon which the winding up order is made, summon-

    (a)   a meeting of the company's creditors if the order was made on the grounds that the company is insolvent; or

    (b)   a meeting of the company's contributories if the order was made on grounds other than insolvency,

for the purposes of resolving any other matters which the liquidator puts before the meeting.

*Companies Law (2011 Revision)*

(4)   The Court may make an order dispensing with the need to summon a meeting under this section or extending the time within which it shall be summoned.

**Appointment of joint liquidators**

106. When two or more persons are appointed to the office of liquidator, either provisionally or as official liquidators, they shall be authorised to act jointly and severally, unless their powers are expressly limited by order of the Court.

**Removal of official liquidators**

107. An official liquidator may be removed from office by order of the Court made on the application of a creditor or contributory of the company.

**Qualifications of official liquidators**

108. (1)   A foreign practitioner may be appointed to act jointly with a qualified insolvency practitioner.

(2)   Official liquidators are officers of the Court.

**Remuneration of official liquidators**

109. (1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

(2)   There shall be paid to the official liquidator such remuneration, by way of percentage or otherwise, that the Court may direct acting in accordance with rules made under section 155; and if more liquidators than one are appointed such remuneration shall be distributed amongst them in such proportions as the Court directs.

**Function and powers of official liquidators**

110. (1)   It is the function of an official liquidator-

(a)   to collect, realise and distribute the assets of the company to its creditors and, if there is a surplus, to the persons entitled to it; and

(b)   to report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up.

(2)   The official liquidator may-

(a)   with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3; and

(b)   with or without that sanction, exercise any of the general powers specified in Part II of Schedule 3.

(3)   The exercise by the liquidator of the powers conferred by this section is subject to the control of the Court, and subject to subsection (5), any creditor or contributory may apply to the Court with respect to the exercise or proposed exercise of such powers (hereinafter referred to as a "sanction application").

(4)   In the case of-

70

12

    (a)   a solvent company, a sanction application may only be made by a contributory and the creditors shall have no right to be heard;

    (b)   an insolvent company, a sanction application may only be made by a creditor and the contributories shall have no right to be heard; and

    (c)   a company whose solvency is doubtful, a sanction application may be made by both contributories and creditors and both contributories and creditors shall have a right to be heard.

(5)  For the purposes of this section, a person shall be treated as a related to a company if-

    (a)   he has acted for the company as a professional service provider;

    (b)   he is or was a shareholder or director of the company or of any other company in the same group as the company;

    (c)   he has a direct or indirect beneficial interest in the shares of the company; or

    (d)   he is a creditor or debtor of the company.

### General Powers of the Court

111. (1)  The Court may at any time after an order for winding up, on the application either of the liquidator or any creditor or contributory, and on proof to the satisfaction of the Court that all proceedings in the winding up ought to be stayed, make an order staying the proceedings either all together or for a limited time, on such terms and conditions as the Court thinks fit.

    *Power to stay winding up*

(2)  The Court may at any time after the liquidation has commenced under section 116 (c), but before the final meeting has been held as provided for in section 127, on the application of the liquidator accompanied by-

    (a)   a special resolution stating that the company will not be wound up and setting out the reasons for such decision;

    (b)   proof of a recall notice published in the Gazette; and

    (c)   such other documents as the Court may consider necessary,

make an order to recall the liquidation, place the company into active status and place the company back into good standing as it was prior to the commencement of liquidation under section 116(c), on such terms and conditions as the Court thinks fit.

(3)  A company shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in the records relating to the company.

71

*Companies Law (2011 Revision)*

Settlement of list of contributories

112. (1)   The liquidator shall settle a list of contributories, if any, for which purpose he shall have power to adjust the rights of contributories amongst themselves.

(2)   In the case of a solvent liquidation of a company which has issued redeemable shares at prices based upon its net asset value from time to time, the liquidator shall have power to settle and, if necessary rectify the company's register of members, thereby adjusting the rights of members amongst themselves.

(3)   A contributory who is dissatisfied with the liquidator's determination may appeal to the Court against such determination.

Power to make calls

113. (1)   The Court may, at any time after making a winding up order, and either before or after it has ascertained the sufficiency of the company's assets, make calls on all or any of the contributories for the time being settled on the list of the contributories-

(a)   to the extent of their liability, for the payment of any money which the Court considers necessary to satisfy the company's debts and liabilities and the expenses of winding up; and

(b)   to the adjustment of the rights of the contributories among themselves,

and make an order for payment of any call so made.

(2)   In making a call the Court may take into consideration the probability that some of the contributories may partly or wholly fail to pay it.

Inspection of documents by creditors, etc.

114. (1)   At any time after making a winding up order the Court may make such orders as it thinks fit for-

(a)   the inspection of the company's documents by creditors and contributories; and

(b)   the preparation of reports by the official liquidator and the provision of such reports to the company's creditors and contributories.

(2)   A contributory shall be entitled to make an application under this section notwithstanding that the company is or may be insolvent and the Court shall not refuse to make an order upon the application of a contributory merely by reason of the fact that the company is or may be insolvent.

Meetings to ascertain wishes of creditors or contributories

115. (1)   The Court shall, as to all matters relating to the winding up, have regard to wishes of the creditors or contributories and for that purpose it may direct reports to be prepared by the official liquidator and meetings of creditors or

72

14

*Companies Law (2011 Revision)*

contributories to be summoned.

(2)  If it considers it necessary to do so, the Court may direct that separate meetings be held of different classes of creditors or contributories.

(3)  Subject to Rules made under section 155, meetings may be requisitioned by creditors, if the company is insolvent, or by contributories if the company is solvent.

(4)  The votes of creditors and contributories shall be counted by reference to-

  (a)  the value of their debts, in the case of creditors;
  (b)  the number of votes, in the case of contributories whose shares carry voting rights under the articles of association of the company; and
  (c)  the par value of all the shares held, in the case of contributories whose shares do not carry votes under the articles of association of the company and, where there are no par value shares, the net asset value of the company shown.

### Voluntary Winding up

116. A company incorporated and registered under this Law or an existing company may be wound up voluntarily-

  (a)  when the period, if any, fixed for the duration of the company by its memorandum or articles of association expires;
  (b)  if the event, if any, occurs, on the occurrence of which the memorandum or articles of association provide that the company is to be wound up;
  (c)  if the company resolves by special resolution that it be wound up voluntarily; or
  (d)  if the company in general meeting resolves by ordinary resolution that it be wound up voluntarily because it is unable to pay its debts as they fall due.

*Circumstances in which a company may be wound up voluntarily*

117. (1)  A voluntary winding up is deemed to commence-

  (a)  at the time of the passing of the resolution for winding up; or
  (b)  on the expiry of the period or the occurrence of the event specified in the company's memorandum or articles of association,

notwithstanding that a supervision order is subsequently made by the Court.

*Commencement of winding up*

73

15

*Companies Law (2011 Revision)*

(2)  Subject to any contrary provision in its memorandum or articles of association, the voluntary winding up of an exempted limited duration company is taken to have commenced upon the expiry of a period of ninety days starting on-

    (a)  the death, insanity, bankruptcy, dissolution, withdrawal, retirement or resignation of a member of the company;

    (b)  the redemption, repurchase or cancellation of all the shares of a member of the company; or

    (c)  the occurrence of any event which, under the memorandum or articles of association of the company, terminates the membership of a member of the company,

unless there remain at least two members of the company and the company is continued in existence by the unanimous resolution of the remaining members pursuant to amended memorandum and articles of association adopted during that period of ninety days.

Effect on business and status of the company

118. (1)  In the case of a voluntary winding up, the company shall from the commencement of its winding up cease to carry on its business except so far as it may be beneficial for its winding up.

(2)  Notwithstanding anything to the contrary contained in the company's articles of association, its corporate state and powers shall continue until the company is dissolved.

Appointment of voluntary liquidator

119. (1)  One or more liquidators shall be appointed for the purpose of winding up the company's affairs and distributing its assets.

(2)  When the winding up has commenced in accordance with the company's memorandum or articles of association upon the termination of a fixed period or the occurrence of an event-

    (a)  the persons designated as liquidators in the memorandum or articles of association shall become such liquidators automatically from the commencement of the winding up; or

    (b)  if no such person is designated in the memorandum or articles of association or the person designated is unable or unwilling to act, the directors shall convene a general meeting of the company for the purpose of appointing a liquidator.

(3)  Except in the case of a person designated as liquidator in the company's memorandum or articles of association, the appointment of a voluntary liquidator shall take effect upon the filing of his consent to act with the Registrar.

(4)  If a vacancy occurs by death, resignation or otherwise in the office of voluntary liquidator appointed by the company-

(a)  the company in a general meeting may fill the vacancy; or

(b)  the Court may fill the vacancy on the application of any contributory or creditor.

(5)  On the appointment of a voluntary liquidator all the powers of the directors cease, except so far as the company in a general meeting or the liquidator sanctions their continuance.

(6)  When two or more persons are appointed as voluntary liquidators jointly, they shall be authorised to act jointly and severally unless their powers are expressly limited by the resolution or articles of association under which they are appointed.

120.  Any person, including a director or officer of the company, may be appointed as its voluntary liquidator.

Qualifications of voluntary liquidators

121. (1)  A voluntary liquidator may be removed from office by a resolution of the company in a general meeting convened especially for that purpose.

Removal of voluntary liquidators

(2)  A general meeting of the company for the purpose of considering a resolution to remove its voluntary liquidator may be convened by any shareholder or shareholders holding not less than one fifth of the company's issued share capital.

(3)  Whether or not a general meeting has been convened in accordance with subsection (2), any contributory may apply to the Court for an order that a voluntary liquidator be removed from office on the grounds that he is not a fit and proper person to hold office.

122. (1)  Where two or more persons are appointed as joint voluntary liquidators, they may resign by filing a notice of resignation with the Registrar, so long as at least one of them continues in office.

Resignation of voluntary liquidator

(2)  Except as provided in subsection (1), a voluntary liquidator wishing to resign shall-

(a)  prepare a report and accounts; and

(b)  convene a general meeting of the company for the purpose of accepting his resignation and releasing him from the performance of any further duties, and shall cease to hold office with effect from the date upon which the resolution is passed.

(3)  In the event that the company fails to pass a resolution accepting his resignation, the voluntary liquidator may apply to the Court for an order that he be released from the performance of any further duties.

*Companies Law (2011 Revision)*

**Notice of voluntary winding up**

123. (1)  Within twenty-eight days of the commencement of a voluntary winding up, the liquidator or, in the absence of any liquidator, the directors shall-

  (a)  file notice of the winding up with the Registrar;
  (b)  file the liquidator's consent to act with the Registrar;
  (c)  file the director's declaration of solvency with the Registrar (if the supervision of the court is not sought);
  (d)  in the case of a company carrying on a regulated business, serve notice of the winding up upon the Monetary Authority; and
  (e)  publish notice of the winding up in the Gazette.

(2)  A director or liquidator who fails to comply with this section commits an offence and is liable to a fine of ten thousand dollars.

**Application for supervision order**

124. (1)  Where a company is being wound up voluntarily its liquidator shall apply to the Court for an order that the liquidation continue under the supervision of the Court unless, within twenty-eight days of the commencement of the liquidation, the directors have signed a declaration of solvency in the prescribed form in accordance with subsection (2).

(2)  A declaration of solvency means a declaration or affidavit in the prescribed form to the effect that a full enquiry into the company's affairs has been made and that to the best of the directors' knowledge and belief the company will be able to pay its debts in full together with interest at the prescribed rate, within such period, not exceeding twelve months from the commencement of the winding up, as may be specified in the declaration.

(3)  A person who knowingly makes a declaration under this section without having reasonable grounds for the opinion that the company will be able to pay its debts in full, together with interest at the prescribed rate, within the period specified commits an offence and is liable on summary conviction to a fine of ten thousand dollars and to imprisonment for two years.

**Avoidance of share transfers**

125. Any transfer of shares, not being a transfer with the sanction of the liquidator, and any alteration in the status of the company's members made after the commencement of a voluntary winding up is void.

**General meeting at year's end**

126. (1)  In the event of a voluntary winding up continuing for more than one year, the liquidators shall summon a general meeting of the company at the end of the first year from the commencement of the winding up and at the end of each succeeding year and such meetings shall be held within three months of each anniversary of the commencement of the liquidation.

(2)  At each meeting the liquidator shall lay before the meeting a report and account of his acts and dealings and the conduct of the winding up during the preceding year.

76

(3)   A liquidator who fails to comply with this section commits an offence and is liable on conviction to a fine of ten thousand dollars.

127. (1)   As soon as the company's affairs are fully wound up, the liquidator shall make a report and an account of the winding up showing how it has been conducted and how the company's property has been disposed off and thereupon shall call a general meeting of the company for the purpose of laying before it the account and giving an explanation for it.

> Final meeting prior to dissolution

(2)   At least twenty-one days before the meeting the liquidator shall send a notice specifying the time, place and object of the meeting to each contributory in any manner authorised by the company's articles of association and published in the Gazette.

(3)   The liquidator shall, no later than seven days after the meeting, make a return to the Registrar in the prescribed form specifying-

  (a)   the date upon which the meeting was held; and
  (b)   if a quorum was present, particulars of the resolutions, if any, passed at the meeting.

(4)   A liquidator who fails to call a general meeting of the company as required by subsection (1) or fails to make a return as required by subsection (3) commits an offence and is liable on conviction to a fine of ten thousand dollars.

128. Where a company limited by guarantee and having a capital divided into shares is being wound up voluntarily, any share capital that may not have been called upon shall be deemed to be an asset of the company, and to be a speciality debt due from each member to the company to the extent of any sums that may be unpaid on any shares held by him, and payable at such time as may be appointed by the liquidator.

> Effect of winding up on share capital of company limited by guarantee

129. (1)   The voluntary liquidator or any contributory may apply to the Court to determine any question arising in the voluntary winding up of a company or to exercise, as respects the enforcing of calls or any other matter, all or any of the powers which the Court might exercise if the company were being wound up under the supervision of the Court.

> Reference of questions to Court

(2)   The Court, if satisfied that the determination of the question or the required exercise of power will be just and beneficial, may accede wholly or partly to the application on such terms and conditions as it thinks fit, or make such other order on the application as it thinks just.

(3)   The voluntary liquidator shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in his records relating to the company.

*Companies Law (2011 Revision)*

**Expenses of voluntary winding up**

130. (1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

(2)   The rate and amount of the liquidator's remuneration shall be fixed and payment authorised by resolution of the company.

(3)   Each report and account laid before the company in general meetings by its liquidator shall contain all such information, including the rate at which the liquidator's remuneration is calculated and particulars of the work done, as may be necessary to enable the members to determine what expenses have been properly incurred and what remuneration is properly payable to the liquidator.

(4)   If the company fails to approve the liquidator's remuneration and expenses or the liquidator is dissatisfied with the decision of the company, he may apply to the Court which shall fix the rate and amount of his remuneration and expenses.

### Winding up subject to the supervision of the Court

**Application for supervision order**

131.   When a resolution has been passed by a company to wind up voluntarily, the liquidator or any contributory or creditor may apply to the Court for an order for the continuation of the winding up under the supervision of the Court, notwithstanding that the declaration of solvency has been made in accordance with section 124, on the grounds that-

    (a)   the company is or is likely to become insolvent; or

    (b)   the supervision of the Court will facilitate a more effective, economic or expeditious liquidation of the company in the interests of the contributories and creditors.

**Appointment of official liquidator**

132. (1)   When making a supervision order the Court-

    (a)   shall appoint one or more qualified insolvency practitioners; and

    (b)   may, in addition, appoint one or more foreign practitioners,

as liquidator or liquidators of the company and section 105 shall apply as if the Court had made a winding up order.

(2)   Unless a voluntary liquidator is appointed as an official liquidator, he shall prepare a final report and accounts within twenty-eight days from the date of the supervision order.

**Effect of supervision order**

133.   A supervision order shall take effect for all purposes as if it was an order that the company be wound up by the Court except that-

    (a)   the liquidation commenced in accordance with section 117; and

*Companies Law (2011 Revision)*

    (b)  the prior actions of the voluntary liquidator shall be valid and binding upon the company and its official liquidator.

### Offences of fraud, etc.

134. (1)  Where a company is ordered to be wound up by the Court, or passes a resolution for voluntary winding up, any person, who is or was an officer, professional service provider, voluntary liquidator or controller of the company and who, within the twelve months immediately preceding the commencement of the winding up, has-

    (a)  concealed any part of the company's property to the value of ten thousand dollars or more or concealed any debt due to or from the company;

    (b)  removed any part of the company's property to the value of ten thousand dollars or more;

    (c)  concealed, destroyed, mutilated or falsified any documents affecting or relating to the company's property or affairs;

    (d)  made any false entry in any documents affecting or relating to the company's property or affairs;

    (e)  parted with, altered or made any omission in any document affecting or relating to the company's property or affairs; or

    (f)  pawned, pledged or disposed of any property of the company which has been obtained on credit and has not been paid for (unless the pawning, pledging or disposal was in the ordinary way of the company's business),

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

    (2)  In this section-

"officer" includes a shadow director.

135. Where a company is ordered to be wound up by the Court or passes a resolution for voluntary winding up, any officer or professional service provider of the company who-

    (a)  has made or caused to be made any gift or transfer of, or charge on, or has caused or connived at the levying of any execution against, the company's property; or

    (b)  has concealed or removed any part of the company's property,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

*Fraud, etc. in anticipation of winding up*

*Transactions in fraud of creditors*

*Companies Law (2011 Revision)*

<div style="float:left; width:30%;">

Misconduct in course of
winding up

</div>

**136. (1)** Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, officer or professional service provider of the company and who-

    (a)  does not to the best of his knowledge and belief fully and truly discover to the liquidator-

        (i)  all the company's property (except such part as has been disposed of in the ordinary way of the company's business);

        (ii)  the date on which and manner in which the company's property or any part thereof property was disposed of, if it was disposed of;

        (iii)  the persons to whom any property was transferred, if it was disposed of; or

        (iv)  the consideration paid for any property which was disposed of;

    (b)  does not deliver up to the liquidator or does not deliver up in accordance with the directions of the liquidator any of company's property which is in his custody or under his control, and which he is required by law to deliver up;

    (c)  does not deliver up to the liquidator or does not deliver up, in accordance with the directions of the liquidator, all documents in his custody or under his control which belong to the company and which he is required by law to deliver up;

    (d)  knows or believes that a false debt has been proved by any person in the winding up and fails to inform the liquidator of such knowledge or belief as soon as practicable;

    (e)  prevents the production of any document affecting or relating to the company's property or affairs; or

    (f)  destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine of twenty five thousand dollars or to imprisonment for a term of five years, or to both.

    (2)  In this section-

"officer" includes a shadow director.

<div style="float:left; width:30%;">

Material omissions from
statement relating to
company's affairs

</div>

**137. (1)** Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, an officer a manager or a professional service provider of the company, commits an offence if he makes

any material omission in any statement relating to the company's affairs, with intent to defraud the company's creditors or contributories.

(2)   A person who commits an offence under subsection (1) is liable on conviction to a fine of twenty-five thousand dollars or to imprisonment for a term of five years, or to both.

(3)   In this section-

"officer" includes a shadow director.

## General provisions

138. (1)   Where any person has in his possession any property or documents to which the company appears to be entitled, the Court may require that person to pay, transfer or deliver such property or documents to the official liquidator. *(Getting in the company's property)*

(2)   Where the official liquidator seizes or disposes of any property which he reasonably believed belonged to the company, he shall not be personally liable for any loss or damage caused to its true owner except in so far as such losses or damage is caused by his own negligence.

139. (1)   All debts payable on a contingency and all claims against the company whether present or future, certain or contingent, ascertained or sounding only in damages, shall be admissible to proof against the company and the official liquidator shall make a just estimate so far as is possible of the value of all such debts or claims as may be subject to any contingency or sound only in damages or which for some other reason do not bear a certain value. *(Provable debts)*

(2)   Foreign taxes, fines and penalties shall be admissible to proof against the company only if and to the extent that a judgement in respect of the same would be enforceable against the company pursuant to the Foreign Judgements Reciprocal Enforcement Law (1996 Revision) or any laws permitting the enforcement of foreign taxes, fines and penalties. *(1996 Revision)*

140. (1)   Subject to subsection (2), the property of the company shall be applied in satisfaction of its liabilities *pari passu* and subject thereto shall be distributed amongst the members according to their rights and interests in the company. *(Distribution of the company's property)*

(2)   The collection in and application of the property of the company referred to in subsection (1) is without prejudice to and after taking into account and giving effect to the rights of preferred and secured creditors and to any agreement between the company and any creditors that the claims of such creditors shall be subordinated or otherwise deferred to the claims of any other creditors and to any contractual rights of set-off or netting of claims between the

81

*Companies Law (2011 Revision)*

company and any person or persons (including without limitation any bilateral or any multi-lateral set-off or netting arrangements between the company and any person or persons) and subject to any agreement between the company and any person or persons to waive or limit the same.

(3)   In the absence of any contractual right of set-off or non set-off, an account shall be taken of what is due from each party to the other in respect of their mutual dealings, and the sums due from one party shall be set-off against the sums due from the other.

(4)   Sums due from the company to another party shall not be included in the account taken under subsection (3) if that other party had notice at the time they became due that a petition for the winding up of the company was pending.

(5)   Only the balance, if any, of the account taken under subsection (3) shall be provable in the liquidation or, as the case may be, payable to the liquidator as part of the assets.

**Preferential debts**   141. (1)   In the case of an insolvent company, the debts described in Schedule 2 shall be paid in priority to all other debts.

(2)   The preferential debts shall-

(a)   rank equally amongst themselves and be paid in full unless the assets available, after having exercised any rights of set-off or netting of claims, are insufficient to meet them in which case they shall abate in equal proportions; and

(b)   so far as the assets of the company available for payment of general creditors are insufficient to meet them, have priority over the claims of holders of debentures secured by, or holders of any floating charge created by the company, and be paid accordingly out of any property comprised in or subject to that charge.

**Secured creditors**   142. (1)   Notwithstanding that a winding up order has been made, a creditor who has security over the whole or part of the assets of a company is entitled to enforce his security without the leave of the Court and without reference to the liquidator.

(2)   Where the liquidator sells assets on behalf of a secured creditor, he is entitled to deduct from the proceeds of sale a sum by way of remuneration equivalent to that which is or would be payable under section 109.

**Preferential charge on goods distrained**   143. In the event of a landlord or other person entitled to receive rent distraining or having distrained on any goods or effects of the company within three months preceding the date of the winding up order, the debts to which priority is given by

82

24

*Companies Law (2011 Revision)*

section 141 shall be a first charge on the goods or effects so distrained on or the proceeds of sale thereof.

144. (1)   Where a creditor has issued execution against the goods or land of a company or has attached any debt due to it, and the company is subsequently wound up, he is not entitled to retain the benefit of the execution or attachment against the liquidator unless he has completed the execution or attachment before the commencement of the winding up.

<div align="right">Effect of execution or attachment</div>

(2)   Notwithstanding subsection (1)-

    (a)   where a creditor has had notice of a meeting having been called at which a resolution for voluntary winding up is to be proposed, the date on which he had notice is substituted for the purpose of subsection (1) for the date of commencement of the winding up;

    (b)   a person who purchases in good faith under a sale by the bailiff any goods of a company on which execution has been levied in all cases acquires a good title to them against the liquidator; and

    (c)   the rights conferred by subsection (1) on the liquidator may be set aside by the Court in favour of the creditor to such extent and subject to such terms as the Court thinks fit.

(3)   For the purposes of this Law-

    (a)   an execution against goods is completed by seizure and sale;

    (b)   an execution against securities is completed upon making a charging order absolute;

    (c)   an attachment of a debt is completed by receipt of the debt; and

    (d)   an execution against land is completed by the registration of a charging order.

145. (1)   Every conveyance or transfer of property, or charge thereon, and every payment obligation and judicial proceeding, made, incurred, taken or suffered by any company in favour of any creditor at a time when the company is unable to pay its debts within the meaning of section 93 with a view to giving such creditor a preference over the other creditors shall be invalid if made, incurred, taken or suffered within six months immediately preceding the commencement of a liquidation.

<div align="right">Voidable preference</div>

(2)   A payment made as aforesaid to a related party of the company shall be deemed to have been made with a view to giving such creditor a preference.

(3)   For the purposes of this section a creditor shall be treated as a "related party" if it has the ability to control the company or exercise significant influence over the company in making financial and operating decisions.

<div align="center">83</div>

<div align="right">25</div>

*Companies Law (2011 Revision)*

Avoidance of
dispositions made at an
undervalue
2009 Revision

146. (1)  In this section and section 147-

(a)  "disposition" has the meaning ascribed in Part VI of the Trusts Law (2009 Revision);

(b)  "intent to defraud" means an intention to wilfully defeat an obligation owed to a creditor;

(c)  "obligation" means an obligation or liability (which includes a contingent liability) which existed on or prior to the date of the relevant disposition;

(d)  "transferee" means the person to whom a relevant disposition is made and shall include any successor in title; and

(e)  "undervalue" in relation to a disposition of a company's property means-

(i)  the provision of no consideration for the disposition; or

(ii)  a consideration for the disposition the value of which in money or monies worth is significantly less than the value of the property which is the subject of the disposition.

(2)  Every disposition of property made at an undervalue by or on behalf of a company with intent to defraud its creditors shall be voidable at the instance of its official liquidator.

(3)  The burden of establishing an intent to defraud for the purposes of this section shall be upon the official liquidator.

(4)  No action or proceedings shall be commenced by an official liquidator under this section more than six years after the date of the relevant disposition.

(5)  In the event that any disposition is set aside under this section, then if the Court is satisfied that the transferee has not acted in bad faith-

(a)  the transferee shall have a first and paramount charge over the property, the subject of the disposition, of an amount equal to the entire costs properly incurred by the transferee in the defence of the action or proceedings; and

(b)  the relevant disposition shall be set aside subject to the proper fees, costs, pre-existing rights, claims and interests of the transferee (and of any predecessor transferee who has not acted in bad faith).

Fraudulent trading

147. (1)  If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors of any other person or for any fraudulent purpose the liquidator may apply to the Court for a declaration under this section.

84

26

(2)   The Court may declare that any persons who were knowingly parties to the carrying on of the business in the manner mentioned in subsection (1) are liable to make such contributions, if any, to the company's assets as the Court thinks proper.

148. (1)   If a request is made by or with the concurrence of the liquidator (including a provisional liquidator) for the giving, after the effective date, of any of the supplies mentioned in the subsection (2), the supplier- <span style="float:right">Supply of utilities</span>

> (a)   may make it a condition of the giving of the supply that the liquidator personally guarantees the payment of any charges in respect of the supply; but
>
> (b)   shall not make it a condition of the giving of the supply, or do anything which has the effect of making it a condition of the giving of the supply, that any outstanding charges in respect of a supply given to the company before the effective date are paid.

(2)   The supplies referred to in subsection (1) are-

> (a)   a supply of electricity;
> (b)   a supply of water; and
> (c)   a supply of telecommunication services.

(3)   In this section-

"effective date" means-

> (a)   the date on which the provisional liquidator was appointed; or
> (b)   the date on which the winding up order was made.

149. (1)   Subject to subsection (5), in a winding up interest is payable in accordance with this section on any debt proved in the winding up, including so much of any such debt as represents interest on the remainder of the debt. <span style="float:right">Interest on debts</span>

(2)   Any surplus remaining after the payment of the debts proved in a winding up shall, before being applied for any other purpose, be applied in paying interest on those debts in respect of the period during which they have been outstanding since the company went into liquidation.

(3)   All interest under this section ranks equally, whether or not the debts on which it is payable ranked equally.

(4)   The rate of interest payable under this section in respect of any debt is the greater of -

> (a)   the rate applicable to the currency of the liquidation prescribed from time to time by the Judgment Debts (Rates of Interest) Rules

*Companies Law (2011 Revision)*

2007 Revision

made under section 34 of the Judicature Law (2007 Revision); and

(b)   the rate applicable to that debt apart from the winding up.

(5)   No interest shall be payable if the liquidation is concluded in less than six months or the accrued amount is less than five hundred dollars.

Currency of the liquidation

150. (1)   In the case of a solvent liquidation, a company's creditors are entitled to receive payment of their debts in the currency of the obligation.

(2)   In the case of an insolvent liquidation, a company's liabilities shall be translated into the functional currency of the company at the exchange rates ruling-

(a)   on the date of the commencement of the voluntary liquidation; or
(b)   on the day upon which the winding up order is made.

(3)   For the purposes of this section the functional currency of a company is the currency of the primary economic environment in which it operated as at the commencement of the liquidation.

### Dissolution of a Company

Dissolution following voluntary winding up

151. (1)   The Registrar shall, within three days of receiving a liquidator's return under section 127(3), register such return.

(2)   Upon the expiration of three months from the registration of the return the company is deemed to be dissolved.

(3)   Notwithstanding subsection (2), the Court may, on the application of the liquidator or any other person who appears to the Court to be interested, make an order deferring the date at which the dissolution of the company is to take effect to such date as the Court thinks fit.

(4)   An application under this section shall not be made after the company is deemed to have been dissolved.

(5)   An order of the Court made under this section shall be registered with the Registrar within seven days of the date upon which it was made.

Dissolution following winding up by the Court

152. (1)   When the affairs of the company have been completely wound up, the Court shall make an order that the company be dissolved from the date of that order or such other date as the Court thinks fit, and the company shall be dissolved accordingly.

86

28

(2)  The effect of an order for dissolution in respect of a segregated portfolio is that its creditors' claims against the company shall be extinguished, notwithstanding that the company has not been liquidated and dissolved.

(3)  The official liquidator shall file the order for dissolution with the Registrar.

(4)  An official liquidator who fails to file the order for dissolution with the Registrar within fourteen days from the date upon which it was perfected, commits an offence and is liable on summary conviction to a penalty of ten dollars for every day during which he is so in default.

153. (1)  Any unclaimed dividends or undistributed assets in the possession or control of the liquidator or former liquidator of a company shall be held by him as trustee upon trust for the benefit of the contributories or creditors to whom such funds are owed. *(margin: Unclaimed dividends and undistributed assets)*

(2)  At the end of one year after the dissolution of the company, the former liquidator shall transfer any funds or other assets held on trust by him to the Financial Secretary who shall manage them in accordance with Part VIII of the Public Management and Finance Law (2010 Revision). *(margin: 2010 Revision)*

### Insolvency rules and regulations

154. (1)  There shall be established an Insolvency Rules Committee comprising- *(margin: Insolvency Rules Committee)*

    (a)  the Chief Justice or other judge nominated by the Chief Justice in his place who shall be chairman;

    (b)  the Attorney General or his nominee;

    (c)  the legal practitioner members of the Grand Court Rules Committee;

    (d)  a qualified insolvency practitioner appointed by the Chief Justice upon the recommendation of the Cayman Islands Society of Professional Accountants; and

    (e)  a person appointed by the Chief Justice who, in his opinion, demonstrates a wide knowledge of law, finance, financial regulation or insolvency practice.

(2)  The quorum of the Insolvency Rules Committee shall be the chairman and three other members of the Committee; and the chairman shall have a casting vote.

155. (1)  The Insolvency Rules Committee shall have power- *(margin: Powers of the Insolvency Rules Committee)*

    (a)  to make rules and prescribe forms for the purpose of giving effect to Parts IV, V and XVI;

*Companies Law (2011 Revision)*

    (b)   to prescribe court fees to be paid in connection with -
        (i)   applications under Part IV;
        (ii)   winding up proceedings under Part V; and
        (iii)   applications under Part XVI; and
    (c)   to make rules for the purpose of specifying -
        (i)   the qualifications which must be held by a person appointed to the office of official liquidator;
        (ii)   persons who are disqualified from holding office as official liquidator either generally or in relation to a particular company which is not in liquidation before the court;
        (iii)   the nature and scope of professional indemnity insurance, if any, required to be held by persons appointed to the office of official liquidators; and
        (iv)   the nature and scope of security bonds, if any, required to be posted by persons appointed to the office of official liquidator.

    (2)   The Insolvency Rules Committee, after consultation with the Authority and with any organisation representing insolvency practitioners in the Islands, shall make rules prescribing the rates of fees which may be charged by an official liquidator.

## PART VI - Removal of Defunct Companies

**Company not operating may be struck off register**

156. (1)   Where the Registrar has reasonable cause to believe that a company is not carrying on business or is not in operation, he may strike the company off the register and the company shall thereupon be dissolved.

    (2)   A request on behalf of the company to strike the company off the register shall be accompanied by a fee of fifty dollars.

**Company being wound up may be struck off register for want of liquidator, etc.**

157.   Where a company is being wound up, and the Registrar has reasonable cause to believe either that no liquidator is acting, or that the affairs of the company are fully wound up, he may strike the company off the register and the company shall thereupon be dissolved.

**Registrar to publish fact of company being struck off register**

158.   The Registrar shall immediately publish a Government Notice to the effect that the company in question has been struck off the register, the date on which it has been struck off and the reason therefor. Such notice shall be gazetted.

**Company, creditor or member may apply to court for company to be reinstated**

159.   If a company or any member or creditor thereof feels aggrieved by the company having been struck off the register in accordance with this Law, the Court on the application of such company, member or creditor made within two years or such longer period not exceeding ten years as the Governor in Cabinet may allow of the date on which the company was so struck off, may, if satisfied

88

**CAYMAN ISLANDS**



Supplement No. 5 published with Gazette No. 5, dated
22 January, 2009.

**FOREIGN BANKRUPTCY PROCEEDINGS (INTERNATIONAL
COOPERATION) RULES 2008**

## THE COMPANIES (AMENDMENT) LAW, 2008

### Foreign Bankruptcy Proceedings (International Co-Operation) Rules, 2008

The following rules are made by the Insolvency Rules Committee in exercise of the powers conferred by Section 155(1) of the Companies (Amendment) Law 2007

**1.    Citation, Application and Interpretation**

(1)    These Rules shall be cited as the Foreign Bankruptcy Proceedings (International Co-Operation) Rules, 2008.

(2)    These Rules shall come into operation on the 1st day of March 2009.

(3)    These Rules shall apply to every application made pursuant to Part XVI of the Companies Law (2007 Revision), as amended by the Companies (Amendment) Law 2007 ("the Law")

(4)    Words and expressions used in the Law shall have the same meaning when used in these Rules.

(5)    The forms contained in the Appendix to these Rules shall be used where applicable, with such variations as the circumstances of the particular case may require.

**2.    Application for Declaratory Order**

(1)    An application by a foreign representative made under Section 253(1)(a) of the Law for a declaration that he is entitled to act on behalf of a debtor shall be made by petition in accordance with GCR Order 9.

(2)    A petition presented under this rule is required to be served only on such persons as the Court may direct.

(3)    A petition under this rule shall state :-

(a)    particulars of the debtor's incorporation;

(b)    the nature and place of the debtor's business;

(c)    the court or other authority by which the foreign representative was appointed;

(d)    the powers and duties of the foreign representative under the law of the place of his appointment; and

2

32

(e)    the reasons for seeking a declaratory order.

(4)    A petition under this rule shall be verified by an affidavit sworn by the foreign representative.

(5)    A certified copy of the order of the court or other authority by which the foreign representative was appointed shall be exhibited to the verifying affidavit.

(6)    A petition under this rule shall be supported by an affidavit of foreign law which explains the powers and duties of the foreign representative under the law of the place of his appointment.

(7)    A declaratory order under this rule shall be in Form 1 and shall be gazetted.

3.    **Application for Ancillary Order**

(1)    An application by a foreign representative made under Section 235 (1)(b) – (e) of the Law shall be made by originating summons in GCR Form 3.

(2)    An originating summons under this rule is required to be served on each respondent.

(3)    An originating summons under this rule shall be supported by an affidavit which contains –

(a)    an affidavit sworn by the foreign representative containing full particulars of –

(i)    the facts and matters referred to in Rule 2(3);

(ii)    the facts and matters relied upon in support of the allegation that the respondent is a "relevant person" within the meaning of the Law;

(iii)    the reasons for seeking an ancillary order against the respondent; and.

(b)    an affidavit of foreign law which explains the powers and duties of the foreign representative under the law of the place of his appointment and addresses the matters referred to in Section 254(1) of the Law.

(4)    An ancillary order under this rule shall be in Form 2 or 3 or 4 or 5 as may be appropriate.

4.    **Notice of Foreign Bankruptcy Proceedings**

(1)    Whenever a company which is incorporated under Part II of the Law or registered under Part IX of the Law is made the subject of a foreign bankruptcy proceeding, notice of this fact shall be filed with the Registrar and published in the Gazette.

(2)    The notice required to be filed with the Registrar shall be in Form 6 and shall have annexed to it a certified copy of the order, notice or other document which evidences

3

the commencement and existence of the foreign bankruptcy proceeding and, if such document is in a language other than English, an English translation of it.

(3)    The notice in Form 6 shall be published without its annexures in the Gazette not later than 21 days after the date on which notice was filed with the Registrar.

Made by the Insolvency Rules Committee on the 15th day of December 2008.

The Honourable Anthony Smellie QC, Chief Justice

The Honourable Sam Bulgin QC, Attorney-General

Andrew J. Jones QC, Legal Practitioner

Graham Ritchie QC, Legal Practitioner

Simon Whicker FCA, Insolvency Practitioner

Jude Scott CPA, Public Accountant

4

34

**APPENDIX – PRESCRIBED FORMS**

**Form No. 1**

**Declaratory Order**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO:    OF 20__

The Honourable Mr Justice [                ]

IN THE MATTER OF Part XVI of the Companies Law

AND IN THE MATTER OF [*state name of debtor*]

DECLARATORY ORDER

UPON hearing counsel for [*state name and address of foreign representative*] upon his petition dated [*state date*] for a declaration recognising his right to act in the Islands on behalf of or in the name of [*state name of debtor*] (the "Debtor").

AND UPON hearing counsel for [*any persons upon whom the petition was served*]

AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED AND DECLARED that [*name of foreign representative is hereby recognised as the only person entitled to act in the Islands on behalf of [or in the name of] the Debtor.*]

Dated the            day of                20__

Filed the            day of                20__

_____

The Honourable Mr Justice [*name of assigned Judge*]

JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

5

**Form No. 2**

**Injunction**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO:   OF 20__

The Honourable Mr Justice [                ]

IN THE MATTER OF Part XVI of the Companies Law

AND IN THE MATTER OF [*state name of debtor*]

BETWEEN:        [*State name of foreign representative*]

Plaintiff

AND:            [                ]

Defendant

<u>INJUNCTION</u>

UPON hearing counsel for the parties upon the Plaintiff's originating summons dated [*state date*] for an injunction restraining the Defendant from commencing proceedings against [*state name of debtor*].

AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED that:

1       The Defendant, whether by its directors, officers, agents or otherwise, is hereby restrained from commencing any proceedings against the Defendant for [*state nature of threatened proceedings*] without the prior leave of the Court.

2       [*Further or other directions.*]

Dated the            day of                20__

Filed the            day of                20__

_____

The Honourable Mr Justice [*name of assigned Judge*]

JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

Form No. 3

**Order for A Stay of Enforcement**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO:    OF 20__

The Honourable Mr Justice [                ]

IN THE MATTER OF Part XVI of the Companies Law

AND IN THE MATTER OF [*state name of debtor*]

BETWEEN:        [*State name of foreign representative*]

Plaintiff

AND:              [                  ]

Defendant

<u>ORDER FOR A STAY OF ENFORCEMENT</u>

UPON hearing counsel for the parties upon the Plaintiff's originating summons dated [*state date*] for a stay of enforcement in respect of the judgement dated [*state date*] and given against the debtor in cause number [      ].

AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED that:

1        No enforcement proceedings shall be commenced [*or no further steps shall be taken in respect of enforcement proceedings already commenced*] in respect of the judgement dated [*state date*] made against the debtor in cause number [      ] without the prior leave of the Court.

2        [*Further or other directions.*]

Dated the            day of                    20__

Filed the            day of                    20__

_____

The Honourable Mr Justice [*name of assigned Judge*]

JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

**Form No. 4**

**Order for Examination**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO:    OF 20__

The Honourable Mr Justice [                    ]

IN THE MATTER OF Part XVI of the Companies Law

AND IN THE MATTER OF [*state name of debtor*]

BETWEEN:          [*State name of foreign representative*]

Plaintiff

AND:          [*State name of examinee*]

Respondent

ORDER FOR EXAMINATION

UPON hearing counsel for the parties upon the Plaintiff's originating summons dated [*state date*] for an order that the Respondent be examined about the business or affairs of [*state name of debtor*].

AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED that:

1.      The Respondent shall deliver up to the Plaintiff all of the documents specified in Schedule One to this order on or before [*state date*].

2.      The Respondent shall attend at [*state address*] on [*state date*] at [*state time*] (or at such other place and on such other date and time as may be agreed with the Plaintiff) to be examined orally by or on behalf of the Plaintiff about the business and affairs of the Debtor more particularly described in Schedule Two to this order.

3.      The examination may be adjourned from time to time.  Each session of the examination shall last no more than four (4) hours and the examination shall not last longer than [*state time*] in total without a further order of the Court.

4.      [*further or other directions*]

Dated the          day of          20__
Filed the          day of          20__

_____

The Honourable Mr Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT

This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

**Form No. 5**

**Order for Delivery Up of Property**

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO:   OF 20__

The Honourable Mr Justice [            ]

IN THE MATTER OF Part XVI of the Companies Law

AND IN THE MATTER OF [*state name of debtor*]

BETWEEN:          [*State name of foreign representative*]

Plaintiff

AND:              [            ]

Respondent

<u>ORDER FOR DELIVERY UP OF PROPERTY</u>

UPON hearing counsel for the parties upon the Plaintiff's originating summons dated [*state date*] for an order that the Respondent deliver up to the Plaintiff property belonging to [*state name of debtor*].

AND UPON reading [*set out details of all the relevant affidavits*]

IT IS ORDERED that:

1.      The Respondent shall deliver up to the Plaintiff all of the property belonging to [*state name of debtor*] specified in this Schedule to this order on or before [*state date*].

2.      [*Further or other directions about the method by which the property is to be delivered or title to the property transferred*].

Dated the          day of             20__
Filed the           day of             20__

_____

The Honourable Mr Justice [*name of assigned Judge*]
JUDGE OF THE GRAND COURT


This Order was filed by [*state name, address and contact details of the attorneys acting on behalf of the petitioner*].

Form No. 6

**Notice of Foreign Bankruptcy Proceedings**

THE COMPANIES LAW

NOTICE OF FOREIGN BANKRUPTCY PROCEEDINGS

[*Name of company*]

Registration No ___

To:      The Registrar of Companies

TAKE NOTICE that the above-named Company was made the subject of [*describe the foreign bankruptcy proceeding*] on [*state commencement date*] by order of [*identify the court or other authority*].  Certified copies of [*the relevant orders, notices or other documents evidencing the commencement and existence of the foreign bankruptcy proceedings*].

AND FURTHER TAKE NOTICE that [*state name of foreign representative*] of [*state address and contact details*] has been appointed [*identify the nature of any appointment such as a trustee in bankruptcy, official liquidator or receiver*].

Dated this            day of                20__.

_____

[*Signature of Foreign Representative or Director as the case may be*]

[*Full name, address and contact details of the person filing this form*]