This is the Exhibit shown to me and marked "Exhibit 3" to the Affidavit of Colin Douglas McKie

Sworn before me this 20th day of January 2012.



Notary Public

Before me, Chandra A Ebanks, a Notary Public
in and for the Cayman Islands

this 20th day of January 2012

(My commission expires on 31st January 2012)

**INDEX TO EXHIBIT 3 TO AFFIDAVIT OF
COLIN DOUGLAS MCKIE**

| DOCUMENT | PAGE NO. |
|---|---|
| **Companies Winding Up Rules (2008) (as amended)** | |
| CWR O.3, r.6 | 2-3 |
| CWR O.4, r.4(3) | 4 |
| CWR O.4, r.7(3) | 5-6 |
| CWR O.8, r.1(4) | 7 |
| CWR O.8, r.2(1) | 8 |
| CWR O.8, r.4(4) | 9-10 |
| CWR O.9, r.1(2) (as amended) | 12 |
| CWR O.9, r.1(3) (as amended) | 12 |
| CWR O.9, r.1(7) (as amended) | 12 |
| CWR O.9, r.1(9) and (10) (as amended) | 12-13 |
| CWR O.9, r.3(1) (as amended) | 13 |
| CWR O.9, r.3(4) (as amended) | 14 |
| CWR O.16, r.1 | 15 |
| CWR O.16, r.2 | 15-16 |
| CWR O.16, r.6 | 17 |

| DOCUMENT | PAGE NO. |
|---|---|
| CWR O.16, r.16 | 18 |
| CWR O.16, r. 17 | 18 |
| CWR O.20, r.1(1) | 19 |
| CWR O.20, r.1(1)(d) and (e) | 19 |
| CWR O.20, r.1(f) and (i) | 19 |
| **Insolvency Practitioners Regulation's (2008) (as amended)** | |
| Regulation 4 (with amendment) | 21/24 |
| Regulation 5 | 21-22 |
| Regulation 6 | 22 |
| Regulation 7 (with amendment) | 22/2 |
| Regulation 10 | 25 |
| Regulation 12 | 26 |
| Regulation 15(1) | 27 |
| Regulation 15(4) | 28 |

CAYMAN ISLANDS



Supplement No. 3 published with Extraordinary No. 5, dated
22 January, 2009.

## THE COMPANIES WINDING UP RULES 2008

1

(e)     if he has been appointed by a foreign court or authority as a liquidator, trustee, receiver or administrator of the company or a related party of the company, full particulars of such appointment; and

(f)     that, having made due enquiry, he and his firm meet independence requirement contained in Regulation 6.

## PART II:  CREDITOR'S PETITION

**Service of Creditor's Petition (O.3, r.5)**

5.     (1)     Upon presenting a creditor's petition, the Registrar shall fix a date for the hearing of the petition in open court and the hearing date shall be endorsed upon the petition or stated in a notice of hearing served with the petition.

       (2)     Every creditor's petition shall be served, together with the verifying and supporting affidavits and notice of hearing (if the hearing date is not endorsed upon the petition itself), upon the company by delivering them to the company's registered office immediately after the petition has been presented.

       (3)     In the event that the company is carrying on a regulated business, copies of the petition and affidavits shall be served upon the Authority.

       (4)     An affidavit of service shall be filed within 7 days of the presentation of every creditor's petition.

**Advertisement of Creditor's Petition (O.3, r.6)**

6.     (1)     Unless the Court otherwise directs, every creditor's petition shall be advertised once in a newspaper having a circulation in the Islands.

       (2)     In addition, unless the Court otherwise directs, if the company is carrying on business outside the Islands, every creditor's petition shall be advertised once in a newspaper having a circulation in a country in which it is most likely to come to the attention of the company's creditors and contributories, in which case the advertisement must be published in the official language of such country.

       (3)     The advertisements shall be made to appear not less than 7 business days after service of the petition upon the company and not less than 7 business days before the hearing date.

(4)     An advertisement published in accordance with this Rule shall be in CWR Form No. 3 and shall contain –

    (a)     the title of the petition, including the name of the company;

    (b)     the registered office of the company;

    (c)     the name, address and other contact details of the petitioner and the petitioner's attorneys;

    (d)     the hearing date;

    (e)     a statement that copies of the petition and affidavits may be obtained, free of charge, from the petitioner's attorneys; and

    (f)     a statement that any creditor intending to appear and be heard on the petition shall give 3 day's notice to the petitioner's attorneys.

**Leave for Petition to be Withdrawn (O.3, r.7)**

7.    (1)     An application for leave to withdraw a creditor's petition may be made by *ex parte* summons.

    (2)     The Court shall grant leave for a creditor's petition to be withdrawn on such terms as have been agreed between the petitioner and the company if it is satisfied that –

    (a)     the petition has not been advertised;

    (b)     no notice of intention to appear and be heard on the petition (whether in support or opposition) has been received from any creditor; and

    (c)     the company consents to an order being made under this Rule.

    (3)     If a creditor's petition has been advertised, any application for leave to withdraw the petition must be made at the advertised hearing and in any such case the Court will consider making an order for substitution in accordance with Rule 10.

**Notice of Appearance (O.3, r.8)**

8.    (1)     Every person who intends to appear and be heard on the hearing of a petition shall give 3 day's notice of his intention to the petitioner's attorneys.

    (2)     The notice shall be in CWR Form No. 4 and shall specify –

20

3

**Order for the Appointment of Provisional Liquidator (O.4, r.4)**

4.    (1)    Every order for the appointment of a provisional liquidator made on the application of a creditor or contributory pursuant to section 104(2) shall be in CWR Form No. 7.

    (2)    The order shall state the full name, address and contact details of the provisional liquidator.

    (3)    The order shall specify the powers conferred upon the provisional liquidator, any limitations upon the specified powers and the powers, if any, remaining with the company's directors.

    (4)    Every order for the appointment of a provisional liquidator shall be filed, served and registered in accordance with the requirements of Order 3, rule 17 (and references therein to "the petitioner" and "the official liquidator" shall be read as references to the applicant and the provisional liquidator respectively).

**Variation or Discharge of Order (O.4, r.5)**

5.    (1)    An order for the appointment of a provisional liquidator may be varied or discharged upon the application of –

        (a)    the person on whose application the order was made;

        (b)    the petitioner, if he was not the person on whose application the order was made;

        (c)    in the case of a creditor's petition, any other creditor;

        (d)    in the case of a contributory's petition, any other contributory; or

        (e)    the company, acting by its directors.

    (2)    A provisional liquidator shall be entitled to apply to the Court for directions, including a direction which constitutes a variation of the order by which he was appointed.

    (3)    An application under this Rule shall be made by summons, supported by an affidavit, and shall be served upon the provisional liquidator and every person who was entitled to be served with the original order in accordance with Rule 4(4).

    (4)    An order under this Rule shall be filed, served and registered in accordance with Rule 4(4).

4

## PART II:  APPLICATION BY THE COMPANY

**Application by summons (O.4, r.6)**

6.      (1)      Whenever a winding up petition is presented by the company itself, the company may apply by summons for an order for the appointment of a provisional liquidator on the grounds contained in section 104(3) of the Law.

        (2)      An application under this Rule may be made *ex parte*.

        (3)      The company's summons shall be supported by an affidavit sworn by or on the authority of the company's board of directors containing –

                (a)      a description of the company's business;

                (b)      a statement that, having made due enquiry and taken appropriate advice, the company's board of directors believes that the company is or is likely to become unable to pay its debts within the meaning of section 93 and the reasons for their stated belief;

                (c)      a statement of the company's financial position, specifying to the best of the directors' belief, details of the company's assets and liabilities, including contingent and prospective liabilities;

                (d)      details of the security, if any, held by creditors of the company;

                (e)      a statement of the reasons why the company's directors believe that the appointment of a provisional liquidator would be in the best interest's of the company's creditors;

                (f)      a statement that the directors intend to formulate or assist the provisional liquidator to formulate a compromise or arrangement which can be presented to the company's creditors, either pursuant to section 86 of the Law or otherwise.

        (4)      The company's summons shall also be supported by an affidavit sworn by the person or persons nominated for appointment as provisional liquidator and containing the matters specified in Order 3, rule 4.

**Order for Appointment of Provisional Liquidator (O.4, r.7)**

7.      (1)      Every order for the appointment of a provisional liquidator made on the application of the company pursuant to section 104(3) shall be in CWR Form No. 8.

(2)    The order shall state the name, address and contact details of the provisional liquidator.

(3)    The Court may make orders and directions in respect of the following matters –

    (a)    that the remuneration and expenses of the provisional liquidator be paid out of the assets of the company in any event;

    (b)    the powers of the provisional liquidators;

    (c)    the powers of the directors (if any) and any consequential limitation upon the powers of the provisional liquidators;

    (d)    the preparation by the provisional liquidators of reports about the financial condition of the company and such other subjects as the Court thinks fit;

    (e)    the service or publication of such reports;

    (f)    the appointment of a liquidation committee;

    (g)    the preparation of a scheme of arrangement pursuant to section 86 of the Law;

    (h)    the adjournment of the winding up petition; and

    (i)    such other matters as the Court thinks fit.

**Filing, Service and Registration of Order (O.4, r.8)**

8.    (1)    The provisional liquidator shall register the order with the Registrar of Companies within 7 business days after the order is made.

    (2)    The provisional liquidator shall give notice of his appointment and the intended purpose of his appointment to the company's creditors either as directed by the Court or in whatever manner appears to him to be most expedient.

    (3)    The provisional liquidator shall provide a copy of the order, upon request, to any person who is or claims to be a creditor of the company.

6

## ORDER 8

## MEETINGS OF CREDITORS AND CONTRIBUTORIES

**Meetings Convened by Official Liquidator (O.8, r.1)**

1.    (1)    For the purpose of convening meetings and establishing a liquidation committee, the official liquidator shall summarily determine whether, in his opinion, the company should be regarded as being –

    (a)    solvent;

    (b)    insolvent; or

    (c)    of doubtful solvency,

    and the official liquidator's determination shall be final and binding upon the company's creditors and contributories for the purposes of this Order and Order 9 unless and until it is changed by the official liquidator in accordance with this Rule.

    (2)    If and when the official liquidator considers that his initial determination about the company's solvency may no longer be justified, he shall re-consider the matter and may change his determination if he considers that it is appropriate to do so and his changed determination shall also be final and binding upon the company's creditors and contributories for the purposes of this Order and Order 9.

    (3)    The official liquidator's initial determination under this Rule shall be certified in CWR Form No. 13 and filed in Court within 28 days of the date on which the winding up order is made and any subsequent change in his determination shall be certified in CWR Form No. 14 and filed in Court immediately after it is made.

    (4)    If, and so long as the official liquidator determines that the company should be regarded as insolvent, he shall convene meetings of its creditors only.

    (5)    If, and so long as the official liquidator determines that the company is solvent, he shall convene meetings of its contributories only.

    (6)    If, and so long as the official liquidator determines that the company is of doubtful solvency, he shall convene meetings of both creditors and contributories and such meetings shall be held on the same day, either concurrently or consecutively.

(7)    A meeting is deemed to have been convened on the day upon which the official liquidator gives notice of it and it shall not be invalidated if, for whatever reason, the official liquidator inadvertently fails to give notice to any creditor or contributory.

(8)    References in this Order to –

    (a)    "a meeting or meetings" shall mean a creditors' meeting or a contributories' meeting or both, depending upon the determination made by the company's official liquidator in accordance with this Rule;

    (b)    "a creditors' meeting" shall mean a meeting of creditors convened when the official liquidator has certified that, in his opinion, the company should be regarded as insolvent; and

    (c)    "a contributories' meeting" shall mean a meeting of contributories convened when the official liquidator has certified that, in his opinion, the company should be regarded as solvent.

## First Meeting and Subsequent Meetings (O.8, r.2)

**2.**    (1)    Unless the Court otherwise directs, the official liquidator shall convene a first meeting within 28 days of the date upon which the winding up order is made.

    (2)    The first meeting shall be convened for the purpose of electing a liquidation committee and dealing with such other matters or resolutions as the official liquidator thinks fit or the Court may direct.

    (3)    Thereafter, the official liquidator shall convene meetings whenever –

        (a)    he considers that it is appropriate to do so; or

        (b)    the Court directs him to do so; or

        (c)    he receives a valid requisition under Rule 3; and

        (d)    in any event, not less than once a year.

## Requisitioned Meetings (O.8, r.3)

**3.**    (1)    A creditors' meeting may be requisitioned by any one or more creditors whose debts are valued in total at $500,000 or 5% of the company's total unsecured liabilities, whichever is the lesser.

42

(2)    A contributories' meeting may be requisitioned by one or more contributories who together are entitled to cast at least 5% of the votes capable of being cast at a contributories' meeting.

(3)    A requisition must be made in writing, signed by each of the requisitionists, and must specify the full terms of each resolution intended to be put to the meeting.

(4)    A requisition must be delivered to the official liquidator.

(5)    If the official liquidator is satisfied that the requisitionists are entitled to requisition a meeting in accordance with this Rule, he shall convene the meeting within 21 days of the date upon which the requisition was received.

(6)    If a meeting is requisitioned (whether by creditors or contributories) in respect of a company at a time when the official liquidator has determined it to be of doubtful solvency, he shall convene meetings of both creditors and contributories to be held on the same day, either concurrently or consecutively.

## Notice and Advertisement of Meetings (O.8, r.4)

**4.**    (1)    Notice of a creditors' meeting shall be given to –

        (a)    every person who appears to the official liquidator to be a creditor; and

        (b)    every person who has submitted a proof of debt which has not been rejected.

(2)    Notice of a contributories' meeting shall be given to –

        (a)    every person who appears to the official liquidator to be a contributory; and

        (b)    every person recorded as a member in the company's register of members.

(3)    In addition to giving notice in accordance with Rule 4(1), a creditors' meeting shall be advertised –

        (a)    on any website established by the official liquidator; and/or

        (b)    in one or more newspapers having circulations in a country or countries in which the company appears most likely to have creditors and any such advertisement shall be published at least 14 days prior to the date of the creditors' meeting.

(4)    The official liquidator shall give 21 day's notice of a creditors' meeting and such notice may be –

43

9

(a)     sent by pre-paid post; or

(b)     transmitted by facsimile or e-mail.

(5)     The official liquidator shall give notice of a contributories' meeting in whatever manner may be required or authorised by the company's articles of association.

(6)     The official liquidator may dispense with notice of a creditors' meeting with the unanimous consent of the creditors.

**Venue (O.8, r.5)**

5.    (1)     Meetings convened under this Order may be held at the official liquidator's office or at any other convenient place, either in the Islands or any other country.

(2)     A meeting may take the form of a telephone conference call in which case –

(a)     all notices and advertisements of the meeting must specify the dial in number and codes; and

(b)     any person intending to participate in the meeting must send written notice of his intention to do so to the official liquidator at least 3 days prior to the date of the meeting unless the official liquidator agrees to dispense with notice.

**Proceedings at Meetings (O.8, r.6)**

6.    (1)     The chairman of the meeting shall be –

(a)     the official liquidator;

(b)     a qualified insolvency practitioner or other person who is authorised to act on his behalf; or

(c)     an attorney-at-law instructed by the official liquidator to act on his behalf.

(2)     The chairman may adjourn the meeting to such time and place as seems to him to be appropriate in the circumstances.

(3)     The chairman may suspend a meeting from time to time for periods not exceeding two hours.

(4)     The official liquidator shall be responsible for taking the minutes of the meeting.

**CAYMAN ISLANDS**



Supplement No. 7 published with Gazette No. 5
dated 1st March 2010.

**THE COMPANIES LAW (2009 REVISION)**

**COMPANIES WINDING UP (AMENDMENT) RULES, 2010**

## SCHEDULE

## Part I – Amended Orders

## ORDER 9

## LIQUIDATION COMMITTEES

**Establishment of Liquidation Committee (O.9, r.1)**

1.  (1)  A liquidation committee shall be established in respect of every company which is being wound up by the Court.

    (2)  The provisions of this Order shall also apply to a liquidation committee required to be established pursuant to an order made under Order 4, rule 7(3)(f).

    (3)  The liquidation committee shall comprise not less than three nor more than five creditors (if the official liquidator has determined that the company should be regarded as insolvent) or contributories (if the official liquidator has determined that the company should be regarded as solvent).

    (4)  The liquidation committee of an insolvent company shall be elected at the first meeting of creditors convened in accordance with Order 8, rule 2.

    (5)  The liquidation committee of a solvent company shall be elected at the first meeting of the contributories convened in accordance with Order 8, rule 2.

    (6)  In the case of a company determined by its official liquidator to be of doubtful solvency, the liquidation committee shall comprise not less than three nor more than six members, of whom a majority shall be creditors elected at a meeting of creditors and at least one of whom shall be a contributory elected at a meeting of contributories.

    (7)  If the official liquidator is satisfied, for whatever reason, that it will be practically impossible to establish a liquidation committee in accordance with the foregoing rules, he shall apply to the Court for –

        (a)  a direction dispensing with the need to establish any liquidation committee; or

        (b)  a direction permitting the establishment of a liquidation committee with a fewer number of members or a different combination of creditors and contributories.

    (8)  After the liquidation committee has been established, the official liquidator may, with the consent of a majority of the remaining members of the committee, appoint a creditor or contributory (as the case may be) to fill any vacancy.

    (9)  The liquidation committee does not come into being, and accordingly cannot act, until the official liquidator has issued a certificate in CWR Form No. 15 of its due constitution, which shall state the name, address and contact details of each member.

(10)   The official liquidator's certificate shall be filed in Court.

## Membership of Liquidation Committee (O.9, r.2)

**2.**   (1)   A liquidation committee cannot be established unless and until it has the minimum number of members required by Rule 1 or by virtue of a direction made under Rule 1(7)(b).

(2)   Any creditor of the company (other than one whose debt is fully secured) is eligible to be a member of a liquidation committee, so long as –

(a)   he has lodged a proof of his debt; and

(b)   his proof has neither been wholly disallowed for voting purposes nor wholly rejected for purposes of distribution or dividend.

(3)   If some or all of the shares of a company are registered in the name of a custodian or clearing house, a beneficial owner of the shares may be elected as a member of the liquidation committee provided that the custodian or clearing house certifies in writing that it is holding the shares (the number of which must be specified) as custodian or nominee on behalf of such person.

(4)   A corporate member of the liquidation committee must be represented by an individual who is duly authorised in writing by a letter sent to the official liquidator at least 2 days before any meeting in which he intends to participate unless the official liquidator agrees to dispense with notice.

(5)   If an individual member of the liquidation committee becomes bankrupt, his trustee in bankruptcy shall be recognised as a member of the committee in his place.

(6)   If a corporate member of the liquidation committee is put into liquidation under this Law or made the subject of a bankruptcy or reorganisation proceeding under the law of a foreign country, it shall continue to be a member of the committee if and so long as its official liquidator, trustee, receiver or administrator or other appointee consents to act as its representative.

## Official Liquidator's Duty to Report (O.9, r.3)

**3.**   (1)   It is the duty of the official liquidator to report to the members of the liquidation committee on all such matters as appear to him to be, or such matters as the members have indicated to him as being, of concern to them with respect to the winding up.

(2)   The official liquidator need not comply with a request for information where it appears to him that –

(a)   the request is frivolous or unreasonable;

(b)   the cost of complying would be excessive, having regard to the relative importance of the information; or

(c)   there are not sufficient assets to enable him to comply.

5

13

(3)     The official liquidator shall communicate information to members of the liquidation committee in whatever way may be agreed between them, including –

    (a)     orally by telephone;

    (b)     in writing, transmitted by facsimile or e-mail; or

    (c)     by accessing a website.

(4)     The official liquidator shall provide each member of the liquidation committee with a written report and accounts and convene a first meeting within 3 months of the committee's establishment and thereafter he shall convene a meeting –

    (a)     on such dates or at such intervals as may be resolved by the committee; or

    (b)     if so requested in writing by any two members of the committee; and

    (c)     in any event, not less than once every six months.

(5)     A "meeting" of the liquidation committee may take the form of –

    (a)     a physical meeting at the official liquidator's office or such other place as may be resolved upon by the committee, in which case the official liquidator must give at least 10 business day's notice of the meeting and any member who cannot attend in person must be allowed to participate by telephone; or

    (b)     a telephone conference call, in which case the official liquidator must give at least 5 business day's notice of meeting;

### Proceedings of Liquidation Committee (O.9, r.4)

4.     (1)     The official liquidator shall attend every meeting of the liquidation committee, either in person or by a duly authorised representative who must be a partner or employee of the official liquidator's firm having experience in insolvency matters.

    (2)     The quorum for a meeting of the liquidation committee shall be the official liquidator (or his representative) and at least two members.

    (3)     The chairman of the meeting shall be the official liquidator (or his representative) unless the members resolve that one of their number should act as chairman.

    (4)     The chairman at any meeting may call upon a person claiming to act as a committee-member's representative to produce his letter of authority and may exclude him if it appears that his authority is defective.

    (5)     The official liquidator shall prepare an agenda for each meeting including –

        (a)     all the matters which the official liquidator intends to put before the meeting;

        (b)     any matter which a committee-member intends to put before the meeting; and

        (c)     any resolutions which the official liquidator or any committee member intends to put to a vote.

6

## ORDER 16

## PROOF OF DEBTS IN OFFICIAL LIQUIDATION

## PART I: PROCEDURE FOR PROVING

### Introduction (O.16, r.1)

1.    (1)   Where a solvent company is being wound up by the Court, the official liquidator shall pay the debts owing to its creditors in the ordinary course and in the currency of the obligation as if the company were still carrying on business.

       (2)   Where a company which is insolvent or of doubtful solvency is being wound up by the Court, a person claiming to be a creditor of the company and wishing to recover his debt must (subject to Rule 7) submit his claim in writing to the official liquidator and is referred to as "proving" for his debt and the document by which he seeks to establish his claim is referred to as his "proof" or "proof of debt".

       (3)   The official liquidator of a solvent company which is being wound up by the Court may require a creditor to submit a proof of debt if there is a doubt or dispute about the existence of the debt or the amount owing to the creditor.

       (4)   It is the duty of the official liquidator to adjudicate the creditors' claims, for which purpose he acts in a quasi-judicial capacity.

### Form and Content of Proof (O.16, r.2)

2.    (1)   A proof of debt shall be in CWR Form No. 24 or such other form or forms as the official liquidator may prescribe having regard to the nature of the claims against the company.

       (2)   The official liquidator may prescribe different forms of proof of debt for use by different classes of creditor.

       (3)   The following matters shall be stated in a creditor's proof of debt –

            (a)   the creditor's name and address;

            (b)   the total amount of his claim as at the date on which the company went into liquidation;

            (c)   whether or not the claim includes interest and, if so, the basis upon which the creditor claims to be entitled to interest;

      (d)      particulars of how and when the debt was incurred by the company; and

      (e)      particulars of the security held by the creditor, the value which he puts on the security and the basis of his valuation..

  (4)      Copies of all the documents evidencing the existence and amount of the debt must be annexed to the proof of debt.

  (5)      The official liquidator may require the creditor to submit further and better particulars of his claim, including additional supporting documents.

  (6)      The person signing the proof of debt (other than the creditor himself) must state his name, contact details and the basis upon which he is authorised to act on behalf of the creditor.

  (7)      The official liquidator may require that a proof of debt be verified by affidavit.

## Supply of proof of debt forms (O16, r.3)

**3.**    (1)      Subject to Rule 7, proof of debt forms shall be sent by the official liquidator to every person who appears to him to be a creditor of the company.

     (2)      Subject to Rule 7, proof of debt forms shall be sent to every person to whom the official liquidator sends notice of the first meeting of creditors in accordance with Order 8, rule 4.

## Cost of proving (O.16, r.4)

**4.**    (1)      Every creditor bears his costs of proving his own debt, including the cost of responding to the official liquidator's requirement that he provide further and better particulars of his claim.

     (2)      Nothing in this Rule shall prevent a creditor from claiming his costs of proving pursuant to the terms of a contract which is enforceable against the company.

     (3)      The official liquidator's cost of adjudicating the proofs of debt is paid out of the assets as an expense of the liquidation.

## Withdrawal and variation of proof (O.16, r.5)

**5.**    (1)      A creditor's proof may at any time, by agreement between himself and the liquidator, be withdrawn or varied as to the amount claimed.

**Admission and rejection of proof (O.16, r.6)**

**6.**    (1)    A proof may be admitted for dividend either for the whole amount claimed by the creditor, or for part of that amount.

(2)    Where the official liquidator has admitted a creditor's proof in full, he shall notify the creditor of this fact in CWR Form No. 25.

(3)    Where the official liquidator has rejected the creditor's proof or admitted it only in part, he shall notify the creditor in CWR Form No. 26, including –

(a)    a statement of the official liquidator's reasons for rejecting the whole or part of the claim; and

(b)    a statement of the creditor's right to apply to the Court for the official liquidator's decision to be reversed or varied.

**Admission without proof of debt (O.16, r.7)**

**7.**    (1)    This Rule applies to a company which has carried on a deposit taking business as a licensed bank.

(2)    All of the company's depositors to whom periodic statements of account were sent by the company shall be admitted to proof in respect of the amounts recorded due to them without requiring them to lodge proofs of debt unless the official liquidator has reason to believe that the company's deposit taking records are unreliable.

(3)    Where the official liquidator has admitted a depositor to proof without requiring him to submit a proof of debt, he shall send notice in CWR Form No. 27 informing the depositor of this fact.

**Inspection of Proofs of Debts (O.16, r.8)**

**8.**    (1)    Subject to sub-rule (2), any proof of debt (including the supporting documentation, any further and better particulars and any correspondence relating to its adjudication) may be inspected by or on behalf of –

(a)    any creditor whose proof of debt has been admitted in whole or in part; or

(b)    any contributory of the company.

79

**Contingent claims (O.16, r.16)**

16.  (1)   The official liquidator shall estimate the value of any debt which, by reason of its being subject to any contingency or for any other reason, does not bear a certain value.

     (2)   The official liquidator may revise any estimate previously made, if he thinks fit by reference to any change of circumstances or to information becoming available to him.

     (3)   Where the official liquidator has put an estimate upon a contingent claim or a debt the amount of which is subject to a contingency, he shall notify the creditor of this fact in CWR Form No. 29, stating –

           (a)   the basis upon which this estimate has been made;

           (b)   the fact that the creditor may submit a varied proof of debt, having regard to changed circumstances;

           (c)   the fact that the official liquidator may vary his estimate, having regard to changed circumstances; and

           (d)   the official liquidator's agreement to extend generally the creditor's time for applying to the Court pursuant to Rule 18.

**PART III:  APPEAL AGAINST REJECTION OF PROOF**

**Introduction (O.16, r.17)**

17.  (1)   If a creditor is dissatisfied with the official liquidator's decision with respect to his proof (including any decision on the question of priority), he may appeal to the Court for the decision to be reversed or varied.

**Application to Court (O.16, r.18)**

18.  (1)   An appeal to the Court under Rule 17 shall be made within 21 days of the date upon which he received the official liquidator's notification under Rule 6.

     (2)   Every appeal under this Rule shall be made by summons in CWR Form No. 30 and shall be served on the official liquidator.

     (3)   Every appeal under this Rule shall be supported by an affidavit and Order 11, rule 4(2) shall apply.

18

## ORDER 20

## ORDER OF PAYMENT OF EXPENSES OUT OF THE ASSETS

**General Rule as to Priority  (O.20, r.1)**

1.    (1)    The expenses of the liquidation are payable out of the assets of the company in the following order of priority :-

    (a)    the costs of the petitioner and of any person appearing on the petition whose costs are allowed by the Court;

    (b)    the costs incurred by the petitioner or other person required to secure an undertaking given pursuant to Order 4, rule 3;

    (c)    the costs incurred by the provisional and/or official liquidator in procuring professional indemnity insurance and/or a security bond pursuant to an order made under Regulation 7;

    (d)    the expenses and disbursements properly incurred by any provisional liquidator;

    (e)    the remuneration of any provisional liquidator;

    (f)    the expenses and disbursements properly incurred by the official liquidator, including any expenses properly payable to any person who is required to make a statement of affairs;

    (g)    the expenses and disbursements properly incurred by the liquidation committee;

    (h)    any order for costs made by the Court in favour of any creditor or contributory in the winding up proceedings or in favour of any other person in proceedings to which the company is a party; and

    (i)    the remuneration of the official liquidator.

    (2)    In the case of a liquidation which commences voluntarily and is subsequently brought under the supervision of the Court,

    (a)    the expenses and disbursements properly incurred by the voluntary liquidator;

    (b)    the costs of making application for the supervision order, whether such costs are incurred by the voluntary liquidator or any creditor or contributory of the company; and

**CAYMAN ISLANDS**



Supplement No. 4 published with Extraordinary No. 5, dated
22 January, 2009.

**INSOLVENCY PRACTITIONER'S REGULATIONS 2008**

## PART II:  APPOINTMENT OF OFFICIAL LIQUIDATORS

**4.     Professional Qualification**

(1)     A person shall be qualified to accept appointment by the Court as official liquidator of any company only if –

   (a)     he is licensed to act as an insolvency practitioner in a relevant country; or

   (b)     he is qualified as a professional accountant by a relevant institute, is in good standing with such institute, has a minimum of five (5) years' relevant experience and is credited with not less than 2,500 chargeable hours of relevant work;  or

   (c)     he has been appointed by the Court as an official liquidator of a company at any time within the five (5) years immediately preceding the commencement date.

(2)     For the purposes of paragraph (1)(a) of this Regulation the relevant countries are –

   (a)     England and Wales;

   (b)     Scotland;

   (c)     Northern Ireland;

   (d)     The Republic of Ireland;

   (e)     Australia;

   (f)     New Zealand; and

   (g)     Canada.

(3)     For the purposes of paragraph (1)(b) of this Regulation the relevant institutes are those specified from time to time in the Schedule 2 to The Public Accountants Law, 2004.

(4)     The expressions "relevant experience" and "relevant work" shall have the same meaning as in Part A of the Schedule to these Regulations.

**5.     Residency Requirement**

(1)     A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of any company unless –

   (a)     he is resident in the Islands; and

4

21

(b)     he, or the firm of which he is a partner or employee, holds a trade and business licence which authorises him or his firm to carry on business as professional insolvency practitioners.

## 6.    Independence Requirement

(1)     A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of a company unless he can be properly regarded as independent as regards that company.

(2)     A qualified insolvency practitioner shall not be regarded as independent if, within a period of 3 years immediately preceding the commencement of the liquidation, he, or the firm of which his is a partner or employee, has acted in relation to the company as its auditor.

## 7.    Insurance Requirement

(1)     A qualified insolvency practitioner shall not be appointed by the Court as official liquidator of any company unless he and the firm of which he is a partner or employee or the company of which he is an employee, has professional indemnity insurance (up to a limit of at least US$10 million in respect of each and every claim and at least US$20 million in the aggregate, with a deductible of not more than US$100,000) applicable to the negligent performance or non-performance of his duties as an official liquidator generally.

(2)     Nothing in these Regulations shall prevent the Court from making an order in respect of a particular company that its official liquidator shall –

(a)     procure professional indemnity insurance covering him in respect of the negligent performance or non performance of his duties to the company with a limit of coverage in excess of US$10 million in respect of each and every claim or with an aggregate limit in excess of US$20 million; or

(b)     procure the issue of a security bond to cover acts of fraud or dishonesty committed by the official liquidator or any of his staff,

in which case the premium shall be paid out of the assets of the company as an expense of the liquidation.

(3)     An insolvency practitioner who has professional indemnity insurance complying with the policy limit specified in Practice Direction No.1/2003 shall continue to be treated as being compliant with this Regulation until 31st March 2009, notwithstanding that the aggregate limit under such policy is less than $20 million.

**CAYMAN ISLANDS**



Supplement No. 6 published with Gazette No. 5
dated 1st March 2010.

THE COMPANIES LAW (2009 REVISION)

INSOLVENCY PRACTITIONERS' (AMENDMENT) REGULATIONS, 2010

23

THE COMPANIES LAW (2009 REVISION)

INSOLVENCY PRACTITIONERS' (AMENDMENT) REGULATIONS, 2010

**These Regulations are made by the Insolvency Rules Committee pursuant to Section 155 of the Companies Law (2009 Revision)**

1.    **Citation, Commencement and Interpretation**

    (1)    These Regulations shall be cited as the Insolvency Practitioners' (Amendment) Regulations 2010.

    (2)    These Regulations shall come in operation on the 1st day of March 2010.

    (3)    Words and expressions used in these Regulations which are also used in the Insolvency Practitioners' Regulations 2008 (referred to as "the principal regulations") shall have the same meaning in these Regulations as in the principal regulations.

2.    **Amendment of Regulation 4**

    (1)    Regulation 4(1)(b) of the principal regulations shall be amended by deleting the expression "relevant institute" and substituting "approved institute".

    (2)    Regulation 4(3) of the principal regulations shall be revoked and replaced by the following –

    "(3) For the purposes of  paragraph (1)(b) of this Regulation, "approved institute" means an institute, society, association or other body approved by the Council of the Cayman Islands Society of Professional Accountants pursuant to the Public Accountants Law (2009 Revision)".

3.    **Amendment of Regulation 7**

Regulation 7(1) of the principal regulations shall be amended by deleting the amount of "US$100,000" and substituting the amount of "US$1 million" .

4.    **Amendment of Regulation 13**

Regulation 13(3) of the principal regulations shall be amended by substituting a semi-colon and adding the word "and" after sub-paragraph (b) and adding the following sub-paragraph –

    "(c)    a copy of the remuneration agreement or a copy of the document(s) which evidence the terms of the remuneration agreement."

2

8.      **Foreign practitioners**

(1)     A foreign practitioner who meets the independence and insurance requirements of Regulations 6 and 7 may be appointed by the Court as an official liquidator of a company jointly with a qualified insolvency practitioner (but not as sole official liquidator).

(2)     A foreign practitioner need not meet the residency requirement of Regulation 5.

9.      **Commencement and Transitional Provisions**

(1)     The appointment by the Court of any person as official liquidator of a company made prior to the commencement date shall not be invalidated by reason of the fact that the appointee is not a qualified insolvency practitioner and does not meet the residency, independence or insurance requirements contained in these Regulations.

### PART III: OFFICIAL LIQUIDATOR'S REMUNERATION

10.     **Introduction**

(1)     Subject to paragraph (2), an official liquidator is not entitled to receive any remuneration out of the assets of a company in provisional or official liquidation (including a liquidation under the supervision of the Court) without the prior approval of the Court.

(2)     An official liquidator may receive a payment on account, the amount of which shall not exceed eighty percent of the remuneration sought in the report and accounts prepared in accordance with Regulation 12(2).

(3)     In the event that the amount of remuneration approved by the Court is less than the amount paid on account, the official liquidator shall forthwith repay the balance to the company.

11.     **Basis of Remuneration**

(1)     An official liquidator may be remunerated on the basis of –

        (a)     the time spent by him and his staff upon the affairs of the liquidation; or

        (b)     a percentage of the amount distributed to creditors and members of the company; or

        (c)     a percentage of the amount realised upon the sale of the company's assets (net after deduction of the direct costs of sale); or

6

25

    (d)      a fixed fee; or

    (e)      a combination of some or all of the above.

**12.     Consideration of Remuneration by the Liquidation Committee**

(1)     An official liquidator may not make an application to the Court under Regulation 13 without first –

    (a)      seeking the liquidation committee's approval of the basis of his remuneration and the amount of the remuneration for which he intends to seek the Court's approval; or, if there is no liquidation committee

    (b)      convening a meeting of creditors and/or contributories in accordance with CWR Order 8 at which the official liquidator proposes a resolution approving the basis of his remuneration and the amount of the remuneration for which he intends to seek the Court's approval; or

    (c)      complying with the requirements of any international protocol (in so far as it relates to the official liquidator's remuneration) which has been approved by both the Court and a foreign court.

(2)     The official liquidator shall prepare a report and accounts containing all the information reasonably required to enable a creditor or contributory to make an informed decision about the reasonableness of the proposed basis of remuneration and amount for which the official liquidator intends to seek the Court's approval.

(3)     If the official liquidator seeks to be remunerated on a time spent basis, his report and accounts shall provide full particulars of the work done; the staff engaged; and the hourly rates applicable to each grade of staff.

(4)     The official liquidator's report and accounts shall be provided to the liquidation committee or, if there is no committee, sent to the creditors and/or contributories with notice of the meeting.

**13.     Application to the Court**

(1)     An application by an official liquidator for approval of his remuneration shall be made by summons in CWR Form No. 16 and shall be served on –

    (a)      each member of the liquidation committee; or

    (b)      counsel to the liquidation committee, if an attorney has been appointed by the liquidation committee with authority to act generally.

(2)    An application under this Regulation may be made *ex parte* if there is no duly constituted liquidation committee in existence.

(3)    An application under this Regulation shall be supported by –

    (a)    the report and accounts provided to the liquidation committee or meeting of creditors and/or contributories (as the case may be); and

    (b)    an affidavit stating the outcome of the liquidation committee's consideration or the outcome of the creditors and/or contributories' meetings.

## PART IV: RATES OF REMUNERATION

**14.    Introduction**

(1)    It is the responsibility of the liquidation committee and the official liquidator to negotiate and agree the basis upon which he and his firm will be remunerated and the applicable scale of hourly rates, percentage rates or fixed fees, as may be the case (referred to in these Regulations as a "remuneration agreement").

(2)    Subject to paragraph (3) of this Regulation, the terms of every remuneration agreement shall comply with the requirements of these Regulations.

(3)    Any remuneration agreement made and approved by the Court prior to the commencement date shall continue to be valid and enforceable notwithstanding any non-compliance with these Regulations, unless and until the Court orders or approves its replacement or amendment.

**15.    Terms of Remuneration Agreements**

(1)    In the event that an official liquidator agrees to be remunerated upon a time spent basis, it shall be a term of the remuneration agreement that –

    (a)    the official liquidator and his firm shall not be obliged to accept less than the minimum hourly rates prescribed in Part A of the Schedule; and

    (b)    the liquidation committee shall not be authorised to agree to pay more than the maximum hourly rates prescribed in Part A of the Schedule; and

    (c)    the agreed scale of hourly rates shall apply, in the first instance, to the period from the date of the winding up order until 31st December and, thereafter, the scale of hourly rates shall be reviewed and re-negotiated annually with effect from 1st January each year.

(2)    In the event that the official liquidator agrees to be remunerated on the basis of a percentage of distributions, it shall be a term of the remuneration agreement that the official liquidator and his firm shall be paid –

    (a)    a percentage of the net amount available for distribution to creditors after payment of the expenses of the liquidation (other than the official liquidator's remuneration) if the company is insolvent;

    (b)    if the company is solvent, an additional percentage of the net amount available for distribution to members after payment of the expenses of the liquidation (other than the official liquidator's remuneration); and

    (c)    the percentage rate shall not exceed the maximum prescribed in Part B of the Schedule.

(3)    In the event that the official liquidator agrees to be remunerated on the basis of a percentage of realisations, it shall be a term of the remuneration agreement that the official liquidator and his firm shall be paid –

    (a)    a percentage of the amount realised upon sale of the company's assets, net after deduction of the direct costs of sale; and

    (b)    a percentage of the gross amounts recovered from the company's debtor's and contingent debtors; and

    (c)    the percentage rate shall not exceed the maximum prescribed in Part C of the Schedule.

(4)    In the event that –

    (a)    the official liquidator and the liquidation committee fail to agree upon the terms of a remuneration agreement; or

    (b)    in the absence of any liquidation committee, a resolution approving the official liquidator's proposed remuneration agreement is not passed at a creditors' meeting and/or contributories' meeting,

the official liquidator shall apply to the Court pursuant to Regulation 13 for an order approving his proposed remuneration agreement.