IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re : Chapter 11
:
Trident Microsystems, Inc., *et al.*,[1] : Case No. 12-10069 (CSS)
:
Debtors. : (Jointly Administered)
:
: Re: Docket Nos. 14 and 72
------------------------------------------------------------x

### MODIFIED ORDER (A) APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTORS' ASSETS RELATED TO THEIR SET TOP BOX BUSINESS; (B) SCHEDULING RELATED AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (C) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN OF SALE DEBTORS' EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF

This matter coming before the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules") (i)(a) approving procedures in connection with the sale of certain of the Debtors' assets related to their set top box business of the Debtors; (b) approving the Stalking Horse Protections; (c) scheduling the related auction and hearing to consider approval of sale; (d) approving procedures related to

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases; (e) approving the form and manner of notice thereof; and (f) granting related relief; and (ii)(a) authorizing the sale of such assets free and clear of liens, claims, encumbrances, and other interests, except as provided by an Asset Purchase Agreement; (b) approving the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases related thereto; and (c) granting related relief; the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion was sufficient under the circumstances; (v) the Court having entered an order approving the Bidding Procedures on January 18, 2012, subject to preservation of all rights of the Official Committee of Unsecured Creditors (the "Committee") to object to the Motion, and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

AND FURTHER FOUND AND DETERMINED THAT:

A.   The Debtors' proposed notice of the Bidding Procedures, the Cure Procedures, the Auction and the hearing to approve the sale of the Debtors' Assets (the "Sale Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

B.   The Bidding Procedures substantially in the form attached hereto as Exhibit 1 are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

C. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled except as reflected in the provisions of this Order.

3. The Bidding Procedures attached hereto as <u>Exhibit 1</u>[3] are APPROVED.

4. The Stalking Horse Protections are APPROVED, provided that the Stalking Horse Protections shall not exceed $3,000,000, and shall be paid when and as set forth in the Stalking Horse Agreement as administrative claims of the estate. Notwithstanding anything to the contrary in the Stalking Horse Agreement, the Stalking Horse Protections shall not be entitled to superpriority status.

5. Subject to the Bidding Procedures and approval of the sale at the Sale Hearing, the Debtors' entry into the Stalking Horse Agreement (including the amendments attached thereto) attached hereto as <u>Exhibit 3</u>, is hereby approved.

6. The Bid Deadline shall be February 21, 2012, at 9:00 a.m. (prevailing Eastern Time).

---

[3] For the convenience of parties in interest, a chart listing important dates set forth in this Order is attached hereto as <u>Exhibit 2</u>.

7. The Debtors, in consultation with the Committee, shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify Potential Bidders whether their bids have been recognized as such as promptly as practicable after a Potential Bidder delivers all of the materials required by the Bidding Procedures; provided, however, that the Stalking Horse Purchaser is hereby deemed a Qualified Bidder, and the Stalking Horse Agreement submitted to the Debtors by the Stalking Horse Purchaser and appended to the Motion as Exhibit B, is deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale.

8. The Auction, if necessary, shall be held at 10:00 a.m. (EST) on February 23, 2012, at the offices of DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Auction.

9. At such Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale, and the Auction shall be open to all creditors, conducted openly and transcribed.

10. The Debtors, in consultation with the Committee, shall determine which offer is the highest and otherwise best offer for the Purchased Assets, giving effect to the Break-Up Fee and Expense Reimbursement payable to the Stalking Horse Purchaser under the Stalking Horse Agreement as well as any additional liabilities to be assumed by a Qualified Bidder and any additional costs which may be imposed on the Debtors.

11. The Sale Hearing shall be held on February 27, 2012 at 2:00 p.m. (prevailing Eastern Time) before this Court, the U.S. Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 5th Floor, Courtroom 6.  Any objections to the

Sale shall be filed and served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on February 17, 2012 by: (a) counsel to the Debtors: DLA Piper LLP (US), 203 N. LaSalle Street, Suite 1900, Chicago, IL 60601 (Fax: 312-236-7516) (Attn: Richard A. Chesley, Esq.) and DLA Piper LLP (US); (b) counsel to the Stalking Horse Purchaser: Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Cathy Hershcopf, Esq. (chershcopf@cooley.com) and Alex R. Velinsky (avelinsky@cooley.com)); (c) counsel to the Committee: Pachulski Stang Ziehl & Jones, LLP, 150 California Street, 15th Floor, San Francisco, California 94111 (Attn: John Fiero, Esq. (jfiero@pszjlaw.com); and (d) the Office of the United States Trustee: U.S. Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware, 19899-0035 (Fax: 302-573-6497) (Attn: Juliet Sarkessian, Esq.) (Juliet.M.Sarkessian@usdoj.gov) (collectively, the "Service Parties").

12. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and the Debtors, in consultation with the Committee, shall have the exclusive right, in the exercise of their fiduciary obligations and business judgment, to cancel the Sale at any time.

13. The following forms of notice are approved: (a) Notice of Sale Procedures, Auction Date, and Sale Hearing, in the form substantially similar to that attached to the Motion as Exhibit D (the "Procedures Notice") and (b) the Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned (the "Cure Notice"), in the form substantially similar to that attached to the Motion as Exhibit E.

14. The Debtors shall, within two (2) business days after the entry of this Order, serve this Order by first class mail, postage prepaid on (a) the U.S. Trustee, (b) counsel to the

Committee, (c) any parties requesting notices in these cases pursuant to Bankruptcy Rule 2002, (d) counsel to the Stalking Horse Purchaser and (e) all Potential Bidders.

15. Copies of the Motion, this Order, the Stalking Horse Purchase Agreement (together with Exhibits and Schedules), the Procedures Notice, and the Cure Notice shall be made available through the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, at www.kccllc.net/trident.

16. The Debtors shall serve the Motion and the Cure Notice upon each counterparty to the Assumed Executory Contracts, and their counsel (if known), by no later than February 3, 2012. The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any objection to the assumption and assignment of Assumed Executory Contracts must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtors believe are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

17. If any counterparty to an Assumed Executory Contract objects for any reason to the Cure Amounts set forth in the Cure Notice, such counterparty must file with the Court a written objection (a "Cure Amount Objection") and serve such Cure Amount Objection so as to be received by the Service Parties by no later than February 16, 2012 at 4:00 p.m. (prevailing Eastern Time) (the "Cure Objection Deadline").

18. If a Contract or Lease is assumed and assigned pursuant to Court Order, then except for Disputed Cure Amounts (as defined herein), the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale, the Cure Amount, if any, as set forth in the Cure Notice, with payment to be made pursuant to the terms of the Successful Bidder's Asset Purchase Agreement. Each Cure Amount Objection

must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtors in the Cure Notice.

19.  In the event that the Debtors and the non-debtor party cannot resolve the Cure Amount Objection, the Debtors shall segregate any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Cure Amount Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing. Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

20.  If any counterparty to an Assumed Executory Contract objects for any reason to the assumption and assignment of an Assumed Executory Contract (other than a Cure Amount Objection, an "Assignment Objection"), such counterparty must file and serve such Assignment Objection so as to be received by the Service Parties by no later than (the "Assignment Objection Deadline"): (i) 4:00 p.m. (prevailing Eastern Time) on February 16, 2012, provided, however, that any counterparty may file and serve an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to the Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract up to the time of the Sale Hearing, or raise it at the Sale Hearing; or (ii) the date otherwise specified in the Cure Notice (or, alternatively, the date set forth in the motion to assume such Assumed Executory Contract if such contract is to be assumed and assigned after the Sale Hearing). The Court shall make any and all determinations concerning adequate assurance of future performance under the

Assumed Executory Contracts pursuant to sections 365(b) and (f)(2) of the Bankruptcy Code at the Sale Hearing.

21. Except to the extent otherwise provided in the Successful Bidder's Asset Purchase Agreement, the Debtors and the Debtors' estates shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to section 365(k) of the Bankruptcy Code.

22. Upon Closing of the Sale, if the Stalking Horse Purchaser is not the Successful Bidder, the proceeds of the Sale shall be paid by the Successful Bidder to the Debtors for distribution by the Debtors at the time of closing of the Sale as provided in the Successful Bidder's Asset Purchase Agreement.

23. To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

24. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

25. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

Dated: __2/7__, 2012
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge