B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: Trident Microsystems (Far East) Ltd.                                    Case No.  12-10070 (CSS)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

<u>GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAs</u>

On January 4, 2012 (the "***Commencement Date***"), Trident Microsystems Inc. and Trident Microsystems (Far East) Ltd., as debtors and debtors in possession (the "***Debtors***"), filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), Case Nos. 12-10069 (CSS) and 12-10070 (CSS).  With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "***Schedules***") and the Statements of Financial Affairs (the "***SOFAs***" and together with the Schedules, the "***Schedules and SOFAs***") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.  The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), and they are they not intended to be fully reconciled to the financial statements.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred.  Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs.  Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors.  The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate.  These general notes regarding the Debtors' Schedules and SOFAs (the "***General Notes***") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs.  Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1.   <u>Amendments</u>.  The Debtors reserve the right to amend or supplement the Schedules and SOFAs as necessary or appropriate.

2.   <u>Asset Presentation</u>.  Each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' books and records, as of January 4, 2012, and not on the basis of current market values of such interest in property or liabilities.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

3.   <u>Liabilities</u>.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

4.   <u>Intercompany Accounts Receivable and Intercompany Accounts Payable</u>.  Intercompany transactions between the Non-Debtors and related period ending balances have not been

1

eliminated in the financial information contained herein. The amounts included are based on preliminary results as of the filing date and are subject to further revision and reconciliation. No conclusions as to the legal obligation nor the related asset valuation associated with these intercompany transactions and balances is made by the presentation herein.

5.    <u>Causes of Action</u>.  Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as assets in their Schedules and SOFAs.  The Debtors reserve any and all of their rights with respect to any causes of action they may have, and neither these General Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

6.    <u>Claims Description</u>.  Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.  The Debtors reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

7.    <u>Property and Equipment</u>.  Owned property and equipment are listed at net book value. Additionally, all information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records.  The Debtors have not completed a physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated.  Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

8.    <u>Insiders</u>.  In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) employees.  The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved.  Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

9.    <u>Schedule D—Creditors Holding Secured Claims</u>.  Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security

deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

10.    Schedule E—Creditors Holding Unsecured Priority Claims. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule E. Additionally, the Debtors have not included employee related priority claims that existed as of the Commencement Date to the extent that such claims have been or are approved for payment pursuant to orders entered by the Bankruptcy Court.

11.    Schedule F—Creditors Holding Unsecured Nonpriority Claims. The liabilities identified in Schedule F are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not listed a date for each claim listed on Schedule F.

12.    Schedule G—Executory Contracts. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or

supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement.  Out of an abundance of caution, the Debtors have listed such agreements on Schedule G.  The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is <u>not</u> an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

13.    <u>Specific Notes</u>.  These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs.  Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

14.    <u>Totals</u>.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

15.    <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

16.    <u>General Reservation of Rights</u>.  The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

## 1. Income from Employment or Operation of Business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)

| AMOUNT | SOURCE | PERIOD |
|---|---|---|
| $           - | Income | 1/1/12 - 1/3/12 |
| $   2,549,776.64 | Royalty Income | 1/1/11 - 12/31/11 |
| $        76,990.00 | Rebate Accrual Reversal | 1/1/11 - 12/31/11 |
| $        79,304.40 | Income from the transfer of Deferred Revenue from 2009 | 1/1/10 - 12/31/10 |

SOFA 1

**2. Income Other than from Employment or Operation of Business**

None ☐  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.

| AMOUNT | SOURCE | PERIOD |
|---|---|---|
| $ - | Other Income | 1/1/12 - 1/3/12 |
| $ 404,735.24 | Income from the scrap of failed parts | 1/1/11 - 12/31/11 |
| $ 43,637.00 | Income from the transfer of Long standing customer prepayment | 1/1/11 - 12/31/11 |
| $ 441,826.73 | Interest income from Intercompany Loan | 1/1/11 - 12/31/11 |
| $ 15,311.89 | Interest income from Bank | 1/1/11 - 12/31/11 |
| $ 299,372.19 | Interest income on Note Receivable from NXP | 1/1/11 - 12/31/11 |
| $ 66,321.48 | Interest income from VAT Refund | 1/1/11 - 12/31/11 |
| $ 1,975.00 | Capital loss - other investment | 1/1/11 - 12/31/11 |
| $ 222,564,430.83 | Intercompany PPV | 1/1/11 - 12/31/11 |
| $ 880,572.25 | Unrealised Forex exchange gain | 1/1/11 - 12/31/11 |
| $ 244,311.60 | Reversal of Freight out expense of Yr2009 | 1/1/11 - 12/31/11 |
| $ 81,038.50 | Reversal of Board Manufacturing - STB BU | 1/1/11 - 12/31/11 |
| $ 674,530.87 | Reversal of Restructuring charges | 1/1/11 - 12/31/11 |
| $ 76,346.22 | Income from the scrap of failed parts | 1/1/10 - 12/31/10 |
| $ 436,025.47 | Income from sales of XGI shares | 1/1/10 - 12/31/10 |
| $ 261,256.49 | Interest income from Intercompany Loan | 1/1/10 - 12/31/10 |
| $ 647,806.80 | Interest income on Note Receivable from NXP | 1/1/10 - 12/31/10 |
| $ 37,913.45 | Interest income from Bank | 1/1/10 - 12/31/10 |
| $ 4,284.34 | Dividend income | 1/1/10 - 12/31/10 |
| $ 53,831,605.00 | Goodwill for Acquisition of NXP | 1/1/10 - 12/31/10 |
| $ 356,973,521.88 | Intercompany PPV | 1/1/10 - 12/31/10 |
| $ 3,375.84 | Reversal of Dealer commision accrual | 1/1/10 - 12/31/10 |
| $ 104,577.03 | Unrealised Forex exchange gain | 1/1/10 - 12/31/10 |
| $ 303,810.99 | Tax refund of Co.55 | 1/1/10 - 12/31/10 |

3

**3. Payments to Creditors**

a. Individual or joint debtor with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

None ☑

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|
|                              |                   |             |                    |
|                              |                   |             |                    |

SOFA 3A

## 3. Payments to Creditors

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| FEDERAL EXPRESS (HONG KONG) LTD<br>57 HUNG TO ROAD<br>27/F., NANYANG PLAZA<br>KWUN TONG<br>HONG KONG | 10/26/2011 | $ 1,667.07 | $ 1,215.44 |
| FEDERAL EXPRESS (HONG KONG) LTD<br>57 HUNG TO ROAD<br>27/F., NANYANG PLAZA<br>KWUN TONG<br>HONG KONG | 11/25/2011 | $ 2,628.58 | $ - |
| FEDERAL EXPRESS (HONG KONG) LTD<br>57 HUNG TO ROAD<br>27/F., NANYANG PLAZA<br>KWUN TONG<br>HONG KONG | 12/22/2011 | $ 2,032.36 | $ - |
| ACCESS CO LTD<br>1-10-2 NAKASE,<br>MIHAMA-KU,<br>CHIBA-SHI,<br>CHIBA 261-0023, JAPAN | 10/18/2011 | $ 50,000.00 | $ - |
| ADVANCED SEMICONDUTORS ENGINEERING 26,<br>CHIN 3RD ROAD,<br>NANTZE EXPORT PROCESSING ZONE,<br>NANTZE, KAOHSIUNG, TAIWAN<br>POSTAL CODE:811 | 11/25/2011 | $ 1,525.95 | $ 58,145.00 |
| ADVANCED SEMICONDUTORS ENGINEERING 26,<br>CHIN 3RD ROAD,<br>NANTZE EXPORT PROCESSING ZONE,<br>NANTZE, KAOHSIUNG, TAIWAN<br>POSTAL CODE:811 | 10/25/2011 | $ 5,368.00 | $ - |
| ADVANCED SEMICONDUTORS ENGINEERING 26,<br>CHIN 3RD ROAD,<br>NANTZE EXPORT PROCESSING ZONE,<br>NANTZE, KAOHSIUNG, TAIWAN<br>POSTAL CODE:811 | 11/1/2011 | $ 37,931.00 | $ - |
| ADVANCED SEMICONDUTORS ENGINEERING 26,<br>CHIN 3RD ROAD,<br>NANTZE EXPORT PROCESSING ZONE,<br>NANTZE, KAOHSIUNG, TAIWAN<br>POSTAL CODE:811 | 11/16/2011 | $ 12,123.60 | $ - |

[1] Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3. Payments to Creditors

None ☐

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| AHEAD OPTOELECTRONICS, INC. 5F, NO.66 JIAN-SAN ROAD, CHUNG-HO, TAIPEI HSIEN 235, TAIWAN, ROC POSTAL CODE IS 235 | 10/25/2011 | $ 1,075.00 | $ - |
| BACK END SERVICE TRADE INTELLIGENCE INTEGRATION CORP 12F-1, NO.426, ANJI ST., ZUOYING DISTRICT, KAOHSIUNG, TAIWAN R.O.C. POSTAL CODE IS 813 | 11/30/2011 | $ 38,559.50 | $ - |
| BITROUTER 1644 BAHIA VISTA WAY, SAN DIEGO, CA 92037, | 10/7/2011 | $ 12,360.00 | $ - |
| BSQUARE CORPORATION 110 110TH AVE NE, SUITE #200, BELLEVUE, WA 98004-5840, | 12/28/2011 | $ 10,000.00 | $ - |
| CADENCE DESIGN SYSTEMS B.V. UNITED A3 BEDRIVEN CENTRUM REDE VAIKENSWAARD 5554 HA THE NETHERLANDS | 12/13/2011 | $ 1,559,234.00 | $ 190,766.00 |
| CHIPS & MEDIA INC. V&S TOWER 13TH FL., 891-46/55 DAECHI-DONG, GANGNAM-GU, SEOUL, 135-502, KOREA (REPUBLIC OF) | 10/25/2011 | $ 6,379.50 | $ 10,609.00 |
| DIGITAL TRANSMISSION LICENSING ADMINSTRATOR, LLC 225 B COCHRANE CIRCLE MORGAN HILL, CA 95037, | 11/16/2011 | $ 14,000.00 | $ - |
| DIVX LLC 4780 EASTGATE MALL SAN DIEGO, CA 92121, | 11/30/2011 | $ 95,000.00 | $ - |
| EVANS ANALYTICAL GROUP LLC 2710 WALSH AVENUE, SANTA CLARA, CA 95051, | 11/23/2011 | $ 22,000.00 | $ - |

[1] Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors

b.  Debtor whose debts are not primarily consumer
debts: List each payment or other transfer to any
creditor made
within 90 days immediately preceding the
commencement of the case unless the aggregate value
of all property that
constitutes or is affected by such transfer is less than
$5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| GLOBALFOUNDRIES<br>60 WOODLANDS INDUSTRIAL PARK D<br>STREET 2<br>SINGAPRE 738406 | 10/18/2011 | $          7,500.00 | $                    - |
| HDMI LICENSING, LLC.<br>1140 EAST ARQUES AVENUE,<br>SUNNYVALE,<br>CA 94085, | 11/30/2011 | $        10,000.00 | $                    - |
| HEJIAN TECHNOLOGY (SUZHOU) CO LTD<br>NO.333 XINGHUA STREET,<br>SUZHOU INDUSTRY PARK,<br>SUZHOU 215025, P.R.CHINA | 10/21/2011 | $        17,500.00 | $        17,500.00 |
| INNOPOWER TECHNOLOGY CORPORTAION<br>5F, NO. 158, SEC. 1, JIAFENG 2ND ST.,<br>ZHUBEI CITY, HSINCHU COUNTRY 302,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 302 | 10/25/2011 | $          7,492.15 | $                    - |
| INTEGRATED SERVICE TECHNOLOGY<br>1F, NO.22, PU-DING RD,<br>HSIN-CHU CITY,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 10/20/2011 | $          4,000.00 | $                    - |
| ITE TECH INC<br>3F, NO. 13, CHUANGSIN 1ST RD.,<br>SCIENCE PARK, HSINCHU 300,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 11/25/2011 | $          4,833.70 | $                    - |
| JMICRON TECHNOLOGY CORPORATION<br>1F. NO. 13,<br>INNOVATION ROAD 1,<br>HSINCHU SCIENCE PARK,<br>HSINCHU,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 11/25/2011 | $          1,072.50 | $                    - |
| KING YUAN ELECTRONICS CO LTD<br>NO. 118, CHUNG-HUA RD,<br>CHU-NAN TOWN,<br>MIAO-LI 350,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 350 | 10/25/2011 | $          6,721.94 | $          6,206.00 |

[1]  Amounts still owing are
listed on the first row applicable
to each unique creditor.

SOFA 3B

## 3. Payments to Creditors

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| KING YUAN ELECTRONICS CO LTD<br>NO. 118, CHUNG-HUA RD,<br>CHU-NAN TOWN,<br>MIAO-LI 350,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 350 | 10/25/2011 | $ 57,936.44 | $ - |
| KING YUAN ELECTRONICS CO LTD<br>NO. 118, CHUNG-HUA RD,<br>CHU-NAN TOWN,<br>MIAO-LI 350,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 350 | 11/7/2011 | $ 49,623.57 | $ - |
| KING YUAN ELECTRONICS CO LTD<br>NO. 118, CHUNG-HUA RD,<br>CHU-NAN TOWN,<br>MIAO-LI 350,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 350 | 12/28/2011 | $ 2,140.16 | $ - |
| KING YUAN ELECTRONICS CO LTD<br>NO. 118, CHUNG-HUA RD,<br>CHU-NAN TOWN,<br>MIAO-LI 350,<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 350 | 11/25/2011 | $ 8,741.24 | $ - |
| MAPLES AND CALDER<br>PO BOX 309,<br>UGLAND HOUSE,<br>GRAND CAYMAN,<br>KY1-1104 CAYMAN ISLANDS | 12/28/2011 | $ 100,000.00 | $ - |
| MIPS TECHNOLOGIES<br>955 EAST ARQUES AVENUE,<br>SUNNYVALE, CA 94085-4521, | 11/10/2011 | $ 242,966.89 | $ 83,125.00 |
| MIPS TECHNOLOGIES<br>955 EAST ARQUES AVENUE,<br>SUNNYVALE, CA 94085-4521, | 11/18/2011 | $ 247,434.09 | $ - |
| MIPS TECHNOLOGIES<br>955 EAST ARQUES AVENUE,<br>SUNNYVALE, CA 94085-4521, | 1/3/2012 | $ 200,000.00 | $ - |
| MIPS TECHNOLOGIES<br>955 EAST ARQUES AVENUE,<br>SUNNYVALE, CA 94085-4521, | 1/3/2012 | $ 425,000.00 | $ - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3. Payments to Creditors

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| MOSAID TECHNOLOGIES INCORPORATED<br>11 HINES ROAD, SUITE 203,<br>KANATA,<br>ONTARIO,<br>K2K 2X1 CANADA | 11/30/2011 | $ 18,841.99 | $ 40,502.00 |
| NAGRAVISION  SA<br>CASE POSTALE 134<br>ROUTE DE GENEVE 22-24 CH-1033<br>CHESEAUX<br>SWITZERLAND | 11/30/2011 | $ 65,231.60 | $ 178,540.50 |
| NDS LIMITED<br>ONE LONDON ROAD<br>STAINES<br>MIDDLESEX<br>TW18 4EX<br>UNITED KINGDOM | 12/28/2011 | $ 20,000.00 | $ - |
| NEWAY TECHNOLOGY LTD<br>6F-6, NO. 129,<br>GONGYUAN ROAD,<br>SINJHUANG CITY,<br>TAIPEI COUNTY 24244, TAIWAN<br>POSTAL CODE IS 242 | 11/30/2011 | $ 54,250.00 | $ 23,250.00 |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/07/2011 | $ 2,294,709.35 | $ 21,793,860.11 |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/10/2011 | $ 5,588,880.32 | $ - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/11/2011 | $ 1,059,238.18 | $ - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3. Payments to Creditors

None ☐

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/03/2011 | $        9,144,764.38 | $                          - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/10/2011 | $           716,565.07 | $                          - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/25/2011 | $        4,434,297.66 | $                          - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 10/11/2011 | $           351,057.81 | $                          - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/03/2011 | $           104,824.00 | $                          - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/10/2011 | $             43,430.39 | $                          - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/25/2011 | $             33,629.62 | $                          - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| OCEAN BLUE SOFTWARE<br>ITV TELEVISION CENTRE,<br>BATH ROAD,<br>BRISTOL BS4 3HG,<br>ENGLAND | 11/30/2011 | $    25,000.00 | $    59,028.00 |
| OPEN-SILICON, INC<br>490 N. MCCARTHV BLVD. SUITE 220<br>MILPITAS, CA 95035 | 11/25/2011 | $    4,269.86 | $    - |
| SHANGHAI UNISILICON MICROELECTRONIC<br>ROOM 5B7, BUILDING 15,<br>NO. 481, GUIPING ROAD,<br>SHANGHAI , P.R.C. (200233) | 11/25/2011 | $    2,374.12 | $    - |
| SILICONWARE PRECISION INDUSTRIES<br>NO.123, SEC. 3,<br>DA FONG ROAD,<br>TANTZU,<br>TAICHUNG TAIWAN R.O.C.<br>POSTAL CODE IS 427<br>TAIWAN R.O.C. | 10/25/2011 | $    183,211.03 | $    332,585.00 |
| SILICONWARE PRECISION INDUSTRIES<br>NO.123, SEC. 3,<br>DA FONG ROAD,<br>TANTZU,<br>TAICHUNG TAIWAN R.O.C.<br>POSTAL CODE IS 427<br>TAIWAN R.O.C. | 10/25/2011 | $    303,909.59 | $    - |
| SILICONWARE PRECISION INDUSTRIES<br>NO.123, SEC. 3,<br>DA FONG ROAD,<br>TANTZU,<br>TAICHUNG TAIWAN R.O.C.<br>POSTAL CODE IS 427<br>TAIWAN R.O.C. | 11/1/2011 | $    196,197.07 | $    - |
| SILICONWARE PRECISION INDUSTRIES<br>NO.123, SEC. 3,<br>DA FONG ROAD,<br>TANTZU,<br>TAICHUNG TAIWAN R.O.C.<br>POSTAL CODE IS 427<br>TAIWAN R.O.C. | 11/16/2011 | $    99,610.89 | $    - |

[1]  Amounts still owing are
listed on the first row applicable
to each unique creditor.

SOFA 3B

## 3. Payments to Creditors

b. Debtor whose debts are not primarily consumer
debts: List each payment or other transfer to any
creditor made
within 90 days immediately preceding the
commencement of the case unless the aggregate value
of all property that
constitutes or is affected by such transfer is less than
$5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| SILICONWARE PRECISION INDUSTRIES NO.123, SEC. 3, DA FONG ROAD, TANTZU, TAICHUNG TAIWAN R.O.C. POSTAL CODE IS 427 TAIWAN R.O.C. | 11/25/2011 | $ 293,597.27 | $ - |
| SILICONWARE PRECISION INDUSTRIES NO.123, SEC. 3, DA FONG ROAD, TANTZU, TAICHUNG TAIWAN R.O.C. POSTAL CODE IS 427 TAIWAN R.O.C. | 12/14/2011 | $ 350,241.95 | $ - |
| SILICONWARE PRECISION INDUSTRIES NO.123, SEC. 3, DA FONG ROAD, TANTZU, TAICHUNG TAIWAN R.O.C. POSTAL CODE IS 427 TAIWAN R.O.C. | 12/28/2011 | $ 158,660.93 | $ - |
| SKELMIR 55 DAVIS SQUARE, SECOND FLOOR, SOMERVILLE, MA 02144 | 12/22/2011 | $ 67,500.00 | $ - |
| SYNOPSYS, INC 700E. MIDDLEFIELD RD, MOUNTAIN VIEW, CA 94043, | 12/6/2011 | $ 112,500.00 | $ 136,500.00 |
| THAT CORPORATION 45 SUMNER ST MILFORD, MA 01757-1656 | 11/30/2011 | $ 29,916.00 | $ 66,324.00 |
| TRIPLE PLAY INTERGATION, LLC 55 CAMBRIDGE STREET STE 101 BURLINGTON MA 01803 | 12/22/2011 | $ 80,000.00 | $ - |
| TSMC NORTH AMERICA 2585 JUNCTION AVENUE SAN JOSE, CA 95134 | 10/4/2011 | $ 1,355,146.60 | $ 922,044.00 |
| TSMC NORTH AMERICA 2585 JUNCTION AVENUE SAN JOSE, CA 95134 | 10/18/2011 | $ 44,931.20 | $ - |

[1] Amounts still owing are
listed on the first row applicable
to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 10/21/2011 | $ 303,592.02 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 11/16/2011 | $ 96,901.00 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 11/18/2011 | $ 96,901.00 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 11/18/2011 | $ 1,073,067.48 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 11/28/2011 | $ 362,500.00 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 12/2/2011 | $ 634,375.00 | $ - |
| TSMC NORTH AMERICA<br>2585 JUNCTION AVENUE<br>SAN JOSE, CA 95134 | 12/15/2011 | $ 1,540,625.00 | $ - |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 10/4/2011 | $ 1,305,700.00 | $ 8,530,763.00 |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/2/2011 | $ 315,846.00 | $ - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors

None

☐

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/2/2011 | $          250,000.00 | $                    - |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/12/2011 | $          250,000.00 | $                    - |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/14/2011 | $          250,000.00 | $                    - |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/22/2011 | $          250,000.00 | $                    - |
| UMC GROUP (USA)<br>KT PAI<br>NO. 3, LI-SHIN ROAD 2<br>SCIENCE-BASED INDUSTRIAL<br>PARK HSIN-CHU CITY<br>TAIWAN, R.O.C.<br>POSTAL CODE IS 300 | 12/28/2011 | $          250,000.00 | $                    - |
| UNITED TEST AND ASSEMBLY CENTER LTD<br>5 SERANGOON NORTH AVENUE 5<br>554916<br>SINGAPORE | 10/25/2011 | $            15,049.84 | $          26,685.00 |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850.

☐

None

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| UNITED TEST AND ASSEMBLY CENTER LTD<br>5 SERANGOON NORTH AVENUE 5<br>554916<br>SINGAPORE | 10/25/2011 | $           17,065.49 | $                    - |
| UNITED TEST AND ASSEMBLY CENTER LTD<br>5 SERANGOON NORTH AVENUE 5<br>554916<br>SINGAPORE | 11/7/2011 | $           18,824.20 | $                    - |
| UNITED TEST AND ASSEMBLY CENTER LTD<br>5 SERANGOON NORTH AVENUE 5<br>554916<br>SINGAPORE | 11/16/2011 | $           30,986.11 | $                    - |
| UNITED TEST AND ASSEMBLY CENTER LTD<br>5 SERANGOON NORTH AVENUE 5<br>554916<br>SINGAPORE | 11/25/2011 | $           10,012.22 | $                    - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3B

## 3.  Payments to Creditors, Continued

☐

None

c.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 01/12/2011 | $    4,414,052.35 | $    21,793,860.11 |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 01/26/2011 | $  12,022,766.88 | $                    - |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 01/27/2011 | $    1,556,401.48 | $                    - |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 02/10/2011 | $    3,938,596.77 | $                    - |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 03/01/2011 | $  11,061,161.32 | $                    - |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 03/30/2011 | $    5,614,337.88 | $                    - |
| NXP BV HIGH TECH CAMPUS 60 PO BOX 80073 5600 KA EINDHOVEN THE NETHERLANDS | 04/19/2011 | $    4,259,700.82 | $                    - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3C

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 05/03/2011 | $  7,632,169.55 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 05/17/2011 | $  2,706,955.66 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 06/02/2011 | $  6,134,744.31 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 06/29/2011 | $  7,130,670.85 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 06/30/2011 | $  6,564,251.94 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 07/12/2011 | $  4,204,466.22 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 08/02/2011 | $  8,631,427.93 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 08/26/2011 | $  4,282,533.39 | $                    - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 08/30/2011 | $  8,355,412.36 | $                    - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3C

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 09/22/2011 | $    3,652,815.94 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 09/30/2011 | $    4,347,720.96 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/07/2011 | $    2,294,709.35 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/10/2011 | $    5,588,880.32 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 10/11/2011 | $    1,059,238.18 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/03/2011 | $    9,144,764.38 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/10/2011 | $       716,565.07 | $                      - |
| NXP BV<br>HIGH TECH CAMPUS 60<br>PO BOX 80073<br>5600 KA EINDHOVEN<br>THE NETHERLANDS | 11/25/2011 | $    4,434,297.66 | $                      - |
| NXP SEMICONDUCTORS GERMANY GMBH<br>STRESEMANNALLEE 101<br>D-22529 HAMBURG<br>GERMANY | 01/31/2011 | $    2,921,133.00 | $                      - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

18

SOFA 3C

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 02/02/2011 | $  322,388.92 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 02/23/2011 | $  56,178.78 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 04/01/2011 | $  163,621.81 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 04/28/2011 | $  36,622.93 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 06/02/2011 | $  722,160.18 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 06/28/2011 | $  502,746.51 | $  - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 08/04/2011 | $  45,679.35 | $  - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3C

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING [1] |
|---|---|---|---|
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 09/07/2011 | $ 1,162,357.27 | $ - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 10/11/2011 | $ 351,057.81 | $ - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/03/2011 | $ 104,824.00 | $ - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/10/2011 | $ 43,430.39 | $ - |
| NXP TW<br>10, JING 5TH ROAD,<br>N.E.P.Z.,<br>P.O.BOX 35-48,<br>KAOHSIUNG,<br>TAIWAN | 11/25/2011 | $ 33,629.62 | $ - |

[1]  Amounts still owing are listed on the first row applicable to each unique creditor.

SOFA 3C

## 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments

None ☑

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
|  |  |  |  |

None ☑

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

SOFA 4

**5.  Repossession, Foreclosures and Returns**

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

## 6. Assignments and Receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
|  |  |  |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

| NAME AND ADDRESSES OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
|  |  |  |  |

SOFA 6

**7.  Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

None ☑

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | | | |

**8. Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND IF LOSS WAS RECOVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

SOFA 8

## 9.  Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

None ☐

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY | Footnote |
|---|---|---|---|
| MAPLES AND CALDER<br>PO BOX 309, UGLAND HOUSE<br>SOUTH CHURCH STREET<br>GEORGE TOWN<br>GRAND CAYMAN<br>KY1-1104<br>CAYMAN ISLANDS | 12/28/2011 | $            100,000.00 | |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 10/31/2011 | $             48,170.36 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 11/03/11 | $            250,000.00 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 11/16/11 | $            161,408.84 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 11/22/11 | $            150,058.93 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 12/07/11 | $             40,421.00 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 12/21/11 | $            530,000.00 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 01/03/12 | $             81,066.61 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 01/03/12 | $            400,000.00 | [1] |
| DLA PIPER US LLP<br>P.O. BOX 64029<br>BALTIMORE, MD  21264-4029 | 01/03/12 | $            310,604.00 | [1] |
| FTI CONSULTING, INC.<br>P.O. BOX 418178<br>BOSTON, MA  02241-8178 | 11/10/11 | $            200,000.00 | [1] |
| FTI CONSULTING, INC.<br>P.O. BOX 418178<br>BOSTON, MA  02241-8178 | 12/02/11 | $            271,735.20 | [1] |
| FTI CONSULTING, INC.<br>P.O. BOX 418178<br>BOSTON, MA  02241-8178 | 12/13/11 | $            304,992.87 | [1] |

[1]  Amounts were paid by TMI
for the benefit of both TMI and TMFE.

SOFA 9

## 9.  Payments Related to Debt Counseling or Bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

None ☐

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY | Footnote |
|---|---|---|---|
| FTI CONSULTING, INC.<br>P.O. BOX 418178<br>BOSTON, MA 02241-8178 | 01/03/12 | $          310,603.86 | [1] |
| FTI CONSULTING, INC.<br>P.O. BOX 418178<br>BOSTON, MA 02241-8178 | 01/03/12 | $          293,690.83 | [1] |
| KURTZMAN CARSON CONUSULTANTS<br>2335 ALASKA AVE<br>EL SEGUNDO, CA  90246 | 12/30/11 | $            50,000.00 | [1] |
| UNION SQUARE ADVISORS LLC<br>TWO EMBARCADERO CENTER<br>SUITE 1330<br>SAN FRANCISCO, CA  94111 | 01/03/12 | $          130,279.52 | [1] |

[1]  Amounts were paid by TMI
for the benefit of both TMI and TMFE.

SOFA 9

## 10.  Other Transfers

None ☐

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Unknown | Patent 10-2005-0039151<br>$ Unknown |
| Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Unknown | Patent 10-2005-0107654<br>$ Unknown |
| Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Unknown | Patent 10-2008-089860<br>$ Unknown |
| Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Unknown | Patent 10-2006-0137449<br>$ Unknown |

SOFA 10

## 11. Closed Financial Accounts

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT | FINAL BALANCE |
|---|---|---|
| The Hong Kong & Shanghai Banking Corporation Limited 2/F., 673 Nathan Road Mongkok, Kowloon Hong Kong | Savings Account #XXX-XXXXX4-274 | $ - |
| The Hong Kong & Shanghai Banking Corporation Limited 2/F., 673 Nathan Road Mongkok, Kowloon Hong Kong | Current Account #XXX-XXXXX4-001 | $ - |
| BlackRock, Institutional Cash Series Plc (Merrill Lynch) JPMorgan House, International Financial Services Centre, Dublin 1 Ireland | Short Term Investment Account #XXXXXX0170 | $ - |
| Charles Schwab 19960 Stevens Creek Blvd. Cupertino, CA 95014 | Equity Investment Account #XXXX-1335 | $ - |

## 12.  Safe Deposit Boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

| NAME AND ADDRESSES OF BANK OR OTHER DESPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
|  |  |  |  |

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
|  |  |  |
|  |  |  |

**14.  Property Held for Another Person**

None  ☑          List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
|  |  |  |

**15. Prior Address of Debtor**

None ☑

If the debtor has moved within the three years immediately preceding the
commencement of this case, list all premises which the debtor occupied during that
period and vacated prior to the commencement of this case.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
|---------|-----------|-------------------|
|         |           |                   |

**16.  Spouses and Former Spouses**

        If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

None ☑

| NAME |
|------|
|      |

## 17.  Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil;, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
|  |  |  |  |

None ☑   b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
|  |  |  |  |

None ☑   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
|  |  |  |

## 18.  Nature, Location and Name of Business

a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed professional within six years immediately preceding the commencement of this case.

b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the six years immediately preceding the commencement of this case.

c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner, or owned 5% or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

None ☐

| NAME | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|------|---------|--------------------|----------------------------------------|
| Trident Microsystems Holding, B.V. | 1st Floor, Kerkenbos 10-16F<br>6546 BA Nijmegen<br>The Netherlands | Goods and service provider in the Netherlands | December 5, 1988 - Present |
| Trident Microsystems (Europe) GmbH | Tullastrasse 70<br>79108 Freiburg<br>Germany | Goods and service provider in Germany | |
| Trident Microsystems (Europe), B.V. | Laan van Diepenvoorde 23<br>5582 La Waalre<br>The Netherlands | Manufacturer of goods and provider of services in the Netherlands | July 13, 2009 - Present |
| Trident Microsystems (Korea), Limited | Trident Microsystems (Korea) Limited<br>9F, Hyundai Swiss Tower<br>143-40 Samsung-dong, Gangnam-gu<br>Seoul, 135-090<br>Korea | Goods and service provider in South Korea | August 27, 2008 - Present |
| Trident Microsystems (Hong Kong), Limited | Unit 05-07, 19/F, Tower III<br>Enterprise Square, 9 Sheung Yuet Road<br>Kowloon Bay, Kowloon<br>Hong Kong | Goods and service provider in Hong Kong | April 29, 2009 - Present |
| Trident Microsystems (Singapore), Pte.Ltd. | 80 Raffles Place, #48-01<br>UOB Plaza 1<br>Singapore 048624 | In liquidation proceedings | April 24, 2009 - Present |
| Trident Microsystems (Beijing), Co., Ltd. | Room 606, Digital Media Plaza<br>No.7 Xinxi Road, Shangdi Information Industry Base<br>Haidian District<br>Beijing 100083<br>PRC | Goods and service provider in China | April 23, 2004 - Present |
| Trident Multimedia Technologies (Shanghai), Co., Ltd. | No.26, 487 Tianlin Road<br>Shanghai 200233<br>PRC | Goods and service provider in China | December 9, 2009 - Present |
| Trident Multimedia Technologies (Shanghai) Co., Ltd. Shenzhen Branch | Shenzhen Tech. Service Center<br>15/F East, No.1016 FuZhong Yi Road<br>Shenzhen Metro Building<br>Futian District, Shenzhen 518026<br>PRC | Goods and service provider in China | February 2, 2010 - Present |
| Trident Microelectronics Ltd. | 6F, No. 1, Alley 30, Lane 358<br>Rui-Guang Rd<br>Neihu District, Taipei 11492<br>Taiwan R.O.C. | Goods and service provider in Taiwan | September 6, 2006 - Present |
| Trident Microsystems (Taiwan), Ltd. | 6F, No. 1, Alley 30, Lane 358<br>Rui-Guang Rd<br>Neihu District, Taipei 11492<br>Taiwan R.O.C. | Goods and service provider in Taiwan | May 29, 2009 - Present |

## 19.  Books, Records and Financial Statements

a.  List all bookkeepers and accountants who within the two years immediately preceeding the filing of this bankruptcy case kept or supervised the keeping of the books.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Pete J. Mangan<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Executive Vice President and Chief Financial Officer, Trident Microsystems, Inc. | 1/11/08 - current |
| Richard Janney<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Vice President and Corporate Controller, Trident Microsystems, Inc. | 7/31/09 - 11/11/11 |
| Robert Russell<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Corporate Controller and Director, Finance - Sales/Ops/TVBU | 12/7/09 - current |

SOFA 19A

## 19.  Books, Records and Financial Statements

b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| PricewaterhouseCoopers LLP<br>488 Almaden Blvd, Suite 1800<br>San Jose, CA 95110 | Audit Firm and Preparer of Tax Returns | 01/10 - 01/12 |

## 19.  Books, Records and Financial Statements

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Pete J. Mangan<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Executive Vice President and Chief Financial Officer | 1/11/08 - current |
| Robert Russell<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Corporate Controller and Director, Finance - Sales/Ops/TVBU | 12/7/09 - current |

SOFA 19C

**19.  Books, Records and Financial Statements**

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by a debtor.

None    ☑

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
|  |  |

SOFA 19D

## 20. Inventories

None ☐

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| 12/30/2011 - 12/31/2011 | Sin Lai Ngo, BB | $            9,563,087 |
| 12/31/2010 | Sin Lai Ngo, BB | $           14,894,176 |

None ☐

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 12/30/2011 - 12/31/2011 | Sin Lai Ngo, BB<br>Trident Microsystems (Hong Kong) Limited<br>Unit 05-07, 19/F, Tower III<br>Enterprise Square, 9 Sheung Yuet Road<br>Kowloon Bay, Kowloon<br>Hong Kong |
| 12/31/2010 | Sin Lai Ngo, BB<br>Trident Microsystems (Hong Kong) Limited<br>Unit 05-07, 19/F, Tower III<br>Enterprise Square, 9 Sheung Yuet Road<br>Kowloon Bay, Kowloon<br>Hong Kong |

## 21.  Current Partners, Officers, Directors and Shareholders

None  ☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
|  |  |  |

None  ☐

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting securities of the corporation.

| OFFICER'S NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK |
|---|---|---|
| David L. Teichmann<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Secretary and Director | Less than 5% |
| Pete J. Mangan<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | President and Director | Less than 5% |
| Craig Shinners<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Assistant Secretary | Less than 5% |
| Loni J. Kupchanko<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Assistant Secretary | Less than 5% |
| Bamdad Bastani<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Director | Less than 5% |

## 22. Former Partners, Officers, Directors and Shareholders

None ☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|
|      |         |                    |

None ☐

b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| Sylvia Summers Couder<br>19 Hernandez Avenue<br>Los Gatos, CA 95030 | Director | 1/19/2011 |
| Christos Lagomichos<br>367 Santana Heights #7003<br>San Jose, CA 95128 | Executive Vice President | 2/9/2011 |
| Philippe Geyres<br>Trident Microsystems, Inc.<br>1170 Kifer Road<br>Sunnyvale, CA 94086 | Director | 6/6/11 |

**23.  Withdrawals from a Partnership or Distributions by a Corporation**

None  ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options excercised and any other perquisite during one year immediately preceding the commencement of this case.

| OFFICER'S NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
|  |  |  |

SOFA 23

## 24.  Tax Consolidation Group

None ☐    List the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| PARENT CORPORATION | FEDERAL TAX ID NUMBER | CONSOLIDATED GROUP |
|---|---|---|
| Trident Microsystems, Inc. | 77-0156584 | Trident Microsystems, Inc. |

## 25. Pension Funds

None ☑

List the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME | FEDERAL TAX ID NUMBER |
|------|----------------------|
|      |                      |

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor            _____

Date _____

Signature of
Joint Debtor
(if any)            _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    2/21/2012 _____

Signature            _____

Print Name and
Title            Andrew Hinkleman, Chief Restructuring Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____            _____

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer            Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

Address

_____            _____

Signature of Bankruptcy Petition Preparer            Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*