# Exhibit A

## (Highlighted Provisions Pursuant to Del. Bankr. L.R. 6004-1)

In accordance with Local Rule 6004-1, the Debtors respectfully represent the following:

(1) **Sale to an Insider**: The Debtors are not aware of a prospective buyer that is an Insider of the Debtors.

(2) **Agreements with Management**: No agreements with management have been entered into in connection with the Sale.

(3) **Releases**: No releases have been entered into in connection with the Sale.

(4) **Private Sale/No Competitive Bidding**: The Sale is being conducted pursuant to the competitive bidding process detailed in the Motion.

(5) **Closing and Other Deadlines**: The consummation of the transactions contemplated by the Successful Bidder's Asset Purchase Agreement[1] shall take place at a closing to be held at the offices of DLA Piper LLP (US), 2000 University Avenue, Palo Alto, California 94303, or at such other location as deemed appropriate by the parties.

(6) **Good Faith Deposit**: All bidders will be required to post a good faith deposit in the form of a wire transfer (to a bank account specified by the Debtors), certified check or such other form acceptable to the Debtors, payable to the order of the Debtors (or such other party as the Debtors may determine) in an amount equal to 10% of the Purchase Price.

(7) **Interim Arrangements with Proposed Buyer**: The Debtors have not entered into any interim arrangements with the TV Stalking Horse Purchaser or any other proposed buyer.

(8) **Use of Proceeds**: Upon Closing, if the TV Stalking Horse Purchaser is not the Successful Bidder, the sale proceeds shall be paid to the Debtors for distribution at the time of Closing as follows: (a) *first*, within 2 business days of a Sale to a party other than the TV Stalking Horse Purchaser, the Expense Reimbursement and the Break-up Fee shall be paid to the TV Stalking Horse Purchaser as an administrative expense and shall be payable from the proceeds of the Sale, and (b) *second*, the remaining cash proceeds of the Sale shall be paid over to the Debtors for distribution in accordance with the priorities set forth in the Bankruptcy Code. If the TV Stalking Horse Purchaser is the Successful Bidder, upon Closing, the cash proceeds of the Sale shall be paid over to the Debtors for distribution in accordance with the priorities set forth in the Bankruptcy Code.

(9) **Tax Exemption**: No tax exemptions under section 1146(a) of the Bankruptcy Code are contemplated in connection with the Sale.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the TV Stalking Horse Agreement.

(10)    **Record Retention**: The Debtors will continue to have access to their books and records related to the Purchased Assets pursuant to section 8.2 of the TV Stalking Horse Agreement.

(11)    **Sale of Avoidance Actions**: The Sale involves the sale of chapter 5 causes of action to the extent such causes of action relate to the Purchased Assets (including, for the avoidance of doubt, those arising under, or otherwise relating, to the Assumed Contracts) and/or Assumed Liabilities.

(12)    **Requested Findings as to Successor Liability**: The Successful Bidder would be undertaking certain Assumed Liabilities pursuant to the Successful Bidder's Asset Purchase Agreement. The Successful Bidder is assuming only those liabilities, and all other liabilities not expressly assumed by the Successful Bidder under the Successful Bidder's Asset Purchase Agreement, whether or not incurred or accrued on or after the date on which the Sale is closed, shall be retained by the Debtors.

(13)    **Sale Free and Clear of Unexpired Leases**: The Debtors are seeking to sell the Purchased Assets free and clear of liens and other interests pursuant to Section 363(f) of the Bankruptcy Code, unless otherwise provided in the Successful Bidder's Asset Purchase Agreement. The TV Stalking Horse Purchaser is not willing to enter into the TV Stalking Horse Agreement or Close on the Sale if its does not receive the Purchased Assets, including all real property, free and clear of all liens, claims, encumbrances and interests.

(14)    **Credit Bid**: No credit bids shall be accepted for the Purchased Assets.

(15)    **Relief from Bankruptcy Rule 6004(h)**: As noted in the Motion, the Debtors are requesting relief from the 14-day stay imposed by Rules 6004(h) and 6006(d).