# Exhibit C

(Proposed Sale Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                              :
In re                                         : Chapter 11
                                              :
Trident Microsystems, Inc., *et al.*,[1]      : Case No. 12-10069 (CSS)
                                              :
        Debtors.                         : (Jointly Administered)
                                              :
                                              : Re: Docket No.
------------------------------------------------------------x

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS'
ASSETS RELATED TO THEIR TV BUSINESS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS
PROVIDED IN THE SUCCESSFUL BIDDER'S ASSET PURCHASE AGREEMENT;
(B) AUTHORIZING AND APPROVING PURCHASE AGREEMENT THERETO;
(C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE
DEBTORS' EXECUTORY CONTRACTS AND UNEXPIRED LEASES
<u>RELATED THERETO; AND (D) GRANTING RELATED RELIEF</u>**

This matter coming before the Court on the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "<u>Bankruptcy Rules</u>"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") (I)(a) approving procedures in connection with the sale of certain of the Debtors' assets related to their TV business; (b) approving the TV Stalking Horse Protections; (c) scheduling the related auction and hearing to consider approval of sale; (d) approving procedures

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

EAST\47986844.14

related to the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases; (e) approving the form and manner of notice thereof; and (f) granting related relief; and (II)(a) authorizing the sale of such assets free and clear of liens, claims, encumbrances, and other interests, except as provided by an Asset Purchase Agreement; (b) approving the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases related thereto; and (c) granting related relief; the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

AND IT IS FURTHER FOUND AND DETERMINED THAT:

E.    The Debtors' proposed notice of the Bidding Procedures, the Cure Procedures, the Auction and the hearing to approve any sale of the Purchased Assets (the "Sale Hearing") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

F.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

G. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1. As set forth below, the Motion is GRANTED.

2. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. The Successful Bidder's offer for the Purchased Assets, as embodied in the Successful Bidder's Asset Purchase Agreement, is the highest and best offer for the Purchased Assets and is hereby approved.

4. The Successful Bidder's Asset Purchase Agreement annexed hereto as <u>Exhibit 1</u> is hereby approved pursuant to section 363(b) of the Bankruptcy Code and the Debtors are authorized to consummate and perform all of their obligations under the Successful Bidder's Asset Purchase Agreement and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder's Asset Purchase Agreement.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets may be sold and transferred free and clear of all liens, claims, interests and encumbrances (collectively, "<u>Liens</u>") except as otherwise provided in the Successful Bidder's Asset Purchase Agreement, with any and all such Liens to attach to proceeds of such sale with the same validity, priority, force and effect such Liens had on the Purchased Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

6. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtors to the Successful Bidder of the Purchased Assets and transactions related thereto, upon the closing under the Successful Bidder's Asset Purchase Agreement, are authorized and approved in all respects.

7. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Contracts and Leases of the Debtors, as identified in the Successful Bidder's Asset Purchase Agreement, by the Successful Bidder, is hereby authorized and approved in all respects. Nothing contained in any chapter 11 plan confirmed in these cases or the order confirming any chapter 11 plan, nor any order dismissing any case or converting it to chapter 7 shall conflict with or derogate from the provisions of the Successful Bidder's Asset Purchase Agreement, any documents or instrument executed in connection therewith, or the terms of this Order.

8. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

9. The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtors, creditors of the Debtors and all other parties in interest in the Bankruptcy Cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

10. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

11. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the

sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who maybe required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

12. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder's Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

13. The failure specifically to include any particular provisions of the Successful Bidder's Asset Purchase Agreement or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement or instrument, it being the intent of the Court that the Successful Bidder's Asset Purchase Agreement and each document, agreement or instrument be authorized and approved in its entirety.

14. The Successful Bidder's Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

Dated: _____, 2012
       Wilmington, Delaware

                                                      The Honorable Christopher S. Sontchi
                                                      United States Bankruptcy Judge

# Exhibit 1