# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Trident Microsystems, Inc., *et al.*,[1] | Case No. 12-10069 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 9, 2012 at 4:00 p.m.**<br>**Hearing Date: Only if an Objection is filed.** |

**FOURTH MONTHLY FEE APPLICATION OF BAYARD, P.A. FOR
COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS CO-COUNSEL TO THE STATUTORY COMMITTEE OF
EQUITY SECURITY HOLDERS FOR THE PERIOD FROM
MAY 1, 2012 THROUGH MAY 31, 2012**

| | |
|---|---|
| Name of Applicant: | Bayard, P.A. |
| Authorized to Provide Professional Services to: | Statutory Committee of Equity Security Holders |
| Date of Retention: | Order entered March 21, 2012 [Docket No. 372] *nunc pro tunc* to February 14, 2012 |
| Period for which compensation and reimbursement is sought: | May 1, 2012 through May 31, 2012 |
| Amount of compensation sought as actual, reasonable and necessary: | $81,811.50 |
| 80% of compensation sought as actual, reasonable and necessary: | $65,449.20 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $1,934.59 |

This is an: X monthly __ quarterly __ final application.

This is Bayard's fourth monthly fee application in these cases.

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

{BAY:02057961v1}

## Summary of Bayard Monthly Fee Statements

| Date & Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 04/05/12 [445] | 02/14/12 through 02/29/12 | $204,290.00 | $578.32 | 4/30/12 [528] | $163,432.00 | $578.32 | $40,858.00 |
| 04/26/12 [517] | 03/01/12 through 03/31/12 | $200,094.00 | $6,232.82 | 5/18/12 [608] | $160,075.20 | $6,232.82 | $40,018.80 |
| 05/21/12 [616] | 04/01/12 through 04/30/12 | $70,052.00 | $2,673.34 | 6/13/12 [683] | $56,041.60 | $2,673.34 | $14,010.40 |
| 6/19/12 | 05/01/12 through 5/31/12 | $81,811.50 | $1,934.59 | Objection Deadline: 7/9/12 | $0.00 | $0.00 | $0.00 |

## Timekeeper Summary

| Timekeeper | Position | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Neil B. Glassman | Director | Director since 1988. Joined firm in 1986. Member of DE Bar since 1982. Areas of Expertise: Bankruptcy and Commercial Law. | $890.00 | 59.1 | $52,599.00 |
| Jamie L. Edmonson | Director | Director since 2011. Joined firm as Senior Counsel in 2008. Member of DE Bar since 2002. Member of CA Bar since 1996. Area of Expertise: Bankruptcy and Restructuring. | $625.00 | 22.9 | $14,312.50 |
| GianClaudio Finizio | Associate | Associate since 2002. Member of DE Bar since 2002. Area of Expertise: Bankruptcy. | $475.00 | 12.0 | $5,700.00 |
| Stephen B. Brauerman | Associate | Associate since 2006. Member of DE Bar since 2007. Member of NJ Bar since 2006. Area of Expertise: Litigation | $400.00 | 1.1 | $440.00 |
| Tiffany Matthews | Paralegal | Paralegal. Joined firm in 2001. Area of Expertise: Bankruptcy. | $285.00 | 0.7 | $199.50 |
| Stephanie Breckenridge | Paralegal | Paralegal. Joined firm in 2010. Area of Expertise: Bankruptcy | $285.00 | 28.0 | $7,980.00 |
| Jacqueline Lately | Case Management Assistant | Case Management Assistant; joined firm in 2003. | $195.00 | 2.1 | $409.50 |
| Larry Morton | Paralegal | Paralegal. Joined firm in 2010. Area of Expertise: Bankruptcy | $285.00 | 0.6 | $171.00 |
| | | | Totals | 126.5 | $81,811.50 |

Blended Rate:   $646.73

## Project Category Summary by Task Code

| Project Category | Hours | Amount |
|---|---|---|
| Asset Analysis and Recovery (AA) | 3.5 | $2,318.50 |
| Litigation/Adversary Proceeding (AP) | 29.9 | $20,766.00 |
| Case Administration (CA) | 18.0 | $7,543.00 |
| Court Hearings (CH) | 15.4 | $10,242.00 |
| Constituent Inquiries (CI) | 0.7 | $623.00 |
| Other Professional Retention Applications (EA2) | 8.4 | $6,291.50 |
| Leases/Executory Contracts (EC) | 0.3 | $240.50 |
| Bayard Fee Applications/Compensation (FA1) | 7.1 | $4,087.50 |
| Other Professional Fee Applications (FA2) | 18.4 | $9,228.00 |
| General Corporate Matters (MA) | 0.9 | $748.00 |
| Meetings of Creditors (MC) | 6.8 | $5,787.00 |
| Claims, Analysis and Resolution (PC) | 4.1 | $3,569.50 |
| Plan (PL) | 3.3 | $2,566.00 |
| Use, Sale of Lease of Property (SA) | 9.0 | $7,178.00 |
| Trustee Reporting/Schedules (TR) | 0.7 | $623.00 |
| Totals | 126.5 | $81,811.50 |

**Expense Category Summary**

| Expense Category | Amount |
|---|---|
| Conference Call Services | $99.84 |
| Copies | $789.10 |
| CourtCall Charges | $67.00 |
| Delivery Charges | $10.00 |
| Outside Professional Services | $51.30 |
| Pacer Document Downloads | $39.40 |
| Phone | $0.85 |
| Postage | $483.20 |
| Print Images | $393.90 |
| Totals | $1,934.59 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Trident Microsystems, Inc., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 12-10069 (CSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 9, 2012 at 4:00 p.m.**<br>**Hearing Date: Only if an Objection is filed.** |

**FOURTH MONTHLY FEE APPLICATION OF BAYARD, P.A. FOR
COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS CO-COUNSEL TO THE STATUTORY COMMITTEE OF
EQUITY SECURITY HOLDERS FOR THE PERIOD FROM
MAY 1, 2012 THROUGH MAY 31, 2012**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bayard, P.A. ("Bayard") hereby seeks reasonable compensation in the above-captioned cases of Trident Microsystems, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for professional legal services rendered as co-counsel to the statutory committee of equity security holders (the "Committee") in the amount of $81,811.50, together with reimbursement for actual and necessary expenses incurred in the amount of $1,934.59 for the period commencing May 1, 2012, through and including May 31, 2012 (the "Compensation Period"). Pursuant to the Order Granting Motion of the Debtors and Debtors in Possession for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 30, 2012 [Docket No. 137] (the "Compensation Order"), Bayard

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

{BAY:02057961v1}

seeks 80% reimbursement of its total reasonable and necessary fees incurred, in the amount of $65,449.20, together with 100% reimbursement for actual and necessary expenses incurred in the amount of $1,934.59 for the Compensation Period. In support of this Application, Bayard represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

**Background**

3. On January 4, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors in possession since the Petition Date.

4. On February 14, 2012, the Office of the United States Trustee appointed members to form a statutory committee of equity security holders pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5. On March 21, 2012, this Court approved Bayard's retention as co-counsel to the Committee *nunc pro tunc* to February 14, 2012 [Docket No. 372] (the "Retention Order").

**Relief Requested**

6. Bayard submits this Application in accordance with this Court's Compensation Order. All services for which Bayard requests compensation were performed for, or on behalf of, the Committee.

7. This Application is the fourth monthly fee application filed by Bayard in these cases. In connection with the professional services rendered, by this Application Bayard seeks compensation in the amount of $81,811.50 and expense reimbursement of $1,934.59. Attached hereto as Exhibit A is a detailed statement of hours spent rendering legal services to the Committee supporting Bayard's request of $81,811.50 in compensation for fees incurred during the Compensation Period. Attached hereto as Exhibit B is a detailed list of disbursements made by Bayard supporting Bayard's request of $1,934.59 in expense reimbursement for the Compensation Period. A description of the task codes used to categorize time spent by project category is attached as Exhibit C.

8. Given the nature and value of the services that Bayard provided to the Committee as described herein, the interim amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

9. Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

**Summary of Services Rendered**

10. In general, the services that Bayard rendered as co-counsel to the Committee included, without limitation, the following:

- (a) providing legal advice with respect to its powers and duties as the Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

- (b) assisting in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

- (c) preparing on behalf of the Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

- (d) reviewing, analyzing and responding to all pleadings filed by the Debtors and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the Committee;

- (e) consulting with the Debtors, their professionals and the United States Trustee concerning the administration of the Debtors' respective estates;

- (f) representing the Committee in hearings and other judicial proceedings;

- (g) advising the Committee on practice and procedure in the Bankruptcy Court for the District of Delaware; and

- (h) performing all other legal services for the Committee in connection with these chapter 11 cases.

11. The services provided by Bayard during the Application Period were rendered to ensure no unnecessary duplication with co-counsel to the Committee, and are grouped into the categories set forth in Exhibit A. The attorneys and paralegals who rendered services relating to each category are identified in the above attachment and summaries of the hours and fees of each professional for the Compensation Period and the total compensation by project category are included in Exhibit B.

## Amounts Requested

12. For the Application Period, Bayard seeks 80% of its total compensation in the amount of $65,449.20 in connection with the professional services summarized above and detailed in Exhibit A.

13. Bayard incurred or disbursed the actual and necessary costs and expenses related to these cases in the amount of $1,934.59 and as detailed in Exhibit B and summarized in the attachments hereto.

## Certification and Notice

14. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Bayard represents as follows with regard to its charges for actual and necessary costs and expenses during the Application Period:

    (a) Copy, scanning and printing charges are $.10 per page, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

    (b) Incoming facsimiles are not billed.

    (c) Out-going facsimiles are billed at the rate of $1.00 per page. The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures. Toll telephone charges are not billed.

15.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

16.     The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and a copy of this Application has been sent to the notice parties set forth in the Compensation Order.

WHEREFORE, Bayard prays that approval be made to it for the current Application Period in the sum of $81,811.50, the total compensation for professional services rendered, 80% of which is to be currently paid upon the filing of a certificate of no objection, and the sum of $1,934.59 for reimbursement of actual and necessary costs and expenses incurred by it in these cases from May 1, 2012 through May 31, 2012.

Dated: June 19, 2012
       Wilmington, Delaware

BAYARD, P.A.

/s/ *Jamie L. Edmonson*
Neil B. Glassman (No. 2087)
Jamie L. Edmonson (No. 4247)
GianClaudio Finizio (No. 4253)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 655-6395
E-mail: nglassman@bayardlaw.com
       jedmonson@bayardlaw.com
       gfinizio@bayardlaw.com

*Co-Counsel to the Statutory Committee of Equity Security Holders*