IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re : Chapter 11
: 
Trident Microsystems, Inc., *et al.*,[1] : Case No. 12-10069 (CSS)
: 
Debtors. : (Jointly Administered)
: 
: Re: Docket No. 695, 704 & 719
------------------------------------------------------------x

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS RELATED TO THEIR DEMOD BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTORS' EXECUTORY CONTRACTS RELATED THERETO; AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules") (a) authorizing the sale of certain of the Debtors' assets related to the Trident Demod Business free and clear of liens, claims, encumbrances, and other interests, except as provided by the APA; (b) approving the assumption and assignment of certain of the Debtors'

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Trident Microsystems, Inc. (6584) and Trident Microsystems (Far East) Ltd. The mailing address of each of the Debtors, solely for purposes of notices and communications, is 1170 Kifer Road, Sunnyvale, California 94086.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

EAST\49202164.3

executory contracts related thereto; and (c) granting related relief; the Court having reviewed the Motion, considered the evidence presented at the hearing on the Motion and heard argument of counsel, as appropriate, and the Court after due deliberation having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

B. As evidenced by the affidavits of service filed with the Court and the representations on the record, proper, timely, adequate and sufficient notice of the hearing to approve the sale of the Purchased Assets (the "Sale Hearing") and the assumption and/or assignment of the Assumed Contracts has been provided to all parties in interest in light of the circumstances of this case and applicable law, including without limitation, section 102(1) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014 and requisite Local Rules. No other or further notice of the Sale Motion, the Sale Hearing, the assumption and/or assignment of the Assumed Contracts or entry of this Order is required.

C. The APA was negotiated in good faith and at arm's length by the Purchaser and the Debtors, and entry into the APA represents a valid and sound exercise of the Debtors' business judgment. The Purchaser is not an insider of the Debtors as that term is defined in Section 101 of the Bankruptcy Code. No director or officer or other insider of the Debtors holds any interest in or is otherwise related to the Purchaser. As such, the Purchaser is a good faith

purchaser under section 363(m) of the Bankruptcy Code and is entitled to the protections afforded thereby.

D. The consideration provided by the Purchaser for the Purchased Assets under the APA is fair and reasonable and constitutes fair consideration and reasonably equivalent value under the Bankruptcy Code and any applicable state law. Further, neither of the Debtors nor the Purchaser has engaged in any action or conduct that would justify or permit the APA to be avoided under Section 365(n) of the Bankruptcy Code.

E. The Sellers have all right, title, and interest in the Purchased Assets required to transfer and convey the Purchased Assets as contemplated by the APA.

F. Upon entry of this Order, the Debtors shall have full corporate power and authority to execute, deliver and consummate the APA.

G. The consummation of the transactions contemplated by the APA and the Closing are conditioned on the entry of an order in the Cayman Islands which, in recognition of this Order, grants and approves the terms, conditions and protections provided in this Order to the fullest extent permissible under the laws of the Cayman Islands.

H. Approval of the APA and consummation of the Sale of the Purchased Assets at this time are in the best interests of the Debtors and their respective creditors, equity holders and estates.

I. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled on the merits and denied.

3. The Purchaser's offer for the Purchased Assets, as embodied in the APA, constitutes the highest and best terms for the sale of the Purchased Assets under the circumstances of these cases and is hereby approved.

4. The form of APA annexed hereto as <u>Exhibit 1</u> is hereby approved pursuant to section 363(b) of the Bankruptcy Code, provided, however, that the economic terms of the final APA are no less favorable to the Debtors' estates in terms of cash consideration paid and net benefit to the estates. The Debtors are authorized to consummate and perform all of their obligations under the APA, including the execution of such other documents and instruments that may be reasonably necessary or desirable to implement the APA and the taking of such other or further actions as are necessary or appropriate to assign, transfer, grant or convey to Purchaser all of the Purchased Assets as contemplated by the APA.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets will be transferred to the Purchaser free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever (collectively, "<u>Liens and Claims</u>") except as otherwise provided in the APA.

6. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Debtors to the Purchaser of the Purchased Assets and transactions related thereto, upon the closing under the APA, are authorized and approved in all respects.

7. The Sale is free and clear of all Liens and Claims other than Assumed Liabilities and Permitted Encumbrances, and all such Liens and Claims, if any, (including, without limitations, Liens in respect of post-petition financing if any), shall be released, terminated and discharged as to the Purchased Assets and shall be, and hereby are transferred and attached to the proceeds from the Sale in the order of their priority, with the same validity, force and effect such Liens and Claims had against such Purchased Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens and Claims.

8. Except as expressly permitted by the APA as to Assumed Liabilities and the Permitted Encumbrances, all persons and entities, including, but not limited to, the Debtors, all debt security holders, equity security holders, governmental, tax and regulatory authorities (to the fullest extent allowed by applicable law), lenders, trade creditors, contract counterparties, customers, landlords, licensors, employees, litigation claimants and other persons, holding Liens or Claims of any kind or nature whatsoever against or in the Debtors or the Debtors' interests in the Purchased Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether imposed by agreement, understanding, law, equity or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtors, the Purchased Assets, the operation of the Debtors' businesses before the Closing or the transfer of the Debtors' interests in the Purchased Assets to the Purchaser, shall not assert, prosecute or otherwise pursue claims against the Purchaser, its property (including, without limitation, the Purchased Assets), its successors

and assigns or affiliates, or interfere with the Purchaser's title to, use or enjoyment of the Purchased Assets.

9. Without limiting the generality of the foregoing, the Debtors, their estates and any successor of the Debtors shall be deemed to have unconditionally released the Purchaser and its officers, directors and affiliates from any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising in law, equity or otherwise, arising from or relating to, or involving the Purchased Assets, the sale thereof to the Purchaser or the Purchaser's quiet use and enjoyment of the Purchased Assets that arose up to the date of the closing of the sale, with all such claims, obligations, rights, suits, damages, causes of action, remedies and liabilities attaching to the proceeds of the sale; <u>provided, however,</u> that the foregoing release shall not apply to any such claims, obligations, rights, suits, damages, causes of action, remedies and liabilities of the Debtors, their estates and any successors of the Debtors arising from or relating to a breach by the Purchaser of the APA.

10. To the fullest extent permitted by applicable law, neither the Purchaser nor its affiliates, successors or assigns shall, as a result of the consummation of the APA: (i) be a successor to the Debtors or the Debtors' estates; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtors or the Debtors' estates, or (iii) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. Except for the Assumed Liabilities and Permitted Encumbrances, Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates including, but not limited to, any bulk sales law. Except for the Assumed Liabilities and Permitted Encumbrances, the transfer of the Purchased Assets to the Purchaser

under the APA shall not result in (i) the Purchaser or the Purchased Assets having any liability or responsibility for any Interest against the Debtors or against an insider of the Debtors, (ii) the Purchased Assets having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Interest or Excluded Liability, or (iii) Purchaser or the Purchased Assets, having any liability or responsibility to Debtors except as is expressly set forth in the APA.

11. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assigned Contracts, as identified in the APA, by the Purchaser or a designated affiliate of the Purchaser, is hereby authorized and approved in all respects. Each of the Debtors is hereby authorized in accordance with section 365 of the Bankruptcy Code to assume and assign to the Purchaser effective upon the Closing each of the Assigned Contracts, free and clear of all Liens and Claims. The assumption and assignment to the Purchaser or its designated affiliate is in the best interests of the Debtors and each of their creditors and estates and represents a prudent exercise of the Debtors' business judgment.

12. The Cure Amounts to be paid by the Sellers with respect to certain Assigned Contracts, listed on Exhibit 2 hereto, are established at the amounts set forth therein. Seller shall promptly pay all Cure Amounts after Closing, and the Purchaser and its affiliates shall have no liability for any obligations under the Assigned Contracts arising or accruing prior to the Closing. The assumption and/or assignment to the Purchaser or its designees of the Assigned Contracts constitutes adequate assurance of the Purchaser's future performance under the Assigned Contracts with the meaning of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code. The Assigned Contracts shall, upon assignment to the Purchaser, be valid, binding and in full force and effect and enforceable by Purchaser and its designees in

accordance with their respective terms, notwithstanding any provision of any Assigned Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer, and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from further liability with respect to the Assigned Contracts upon the Closing.

13. Three Hundred Fifty Thousand Dollars ($350,000) of the cash consideration portion for the Sale shall be held in the U.S. bank account of the Debtor Trident Microsystems (Far East). The remaining portion of the cash consideration for the Sale shall be disbursed to the Debtors' Netherlands subsidiary, Trident Microsystems (Nederland) B.V. Neither this Order nor the APA shall have any evidentiary or other preclusive effect upon the allocation of the sale proceeds among the Sellers and their estates pending agreement of the interested parties or further order of the Court upon notice to the Debtors, the Official Committee of Unsecured Creditors, the Statutory Committee of Equity Security Holders, and the Office of the United States Trustee. The Purchaser shall have no liability or responsibility for any allocation of the consideration to be paid to these estates pursuant to the APA.

14. Nothing in this Order shall be construed as permitting the transfer of any Microsoft software licensed to the Debtors pursuant to that certain License (previously defined and described in Microsoft's Limited Objection filed in connection with the sale of the set-top box business, Dkt. 235) unless the prior written consent of Microsoft is first obtained, and subject to a signed writing between Microsoft and the Purchaser with respect to any agreed terms and conditions on the transfer of such software, including payment of cure and provision of adequate assurance of future performance pursuant to section 365, as applicable. Until Microsoft's consent to a transfer of its licensed software is obtained, the Debtors shall not

deliver to any third party any computers on which the licensed software is installed without first removing such licensed software from those computers.

15. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

16. The terms of this Order shall be binding on the Purchaser and its successors, the Debtors, creditors of the Debtors and all other parties in interest in the Bankruptcy Cases, and any successors of the Debtors, including any trustee or examiner appointed in these cases or upon a conversion of these cases to chapter 7 of the Bankruptcy Code.

17. The Purchaser is a good faith purchaser entitled to the benefits and protections afforded by section 363(m) of the Bankruptcy Code. In the absence of a stay of this Order, the Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in consummating the transactions contemplated by the APA, including assumption and assignment of contracts, at any time after the entry of this Order.

18. The Court's approval of this Sale and entry of this Order is and shall be without prejudice to or effect (including collateral estoppel or res judicata) on any rights, claims, causes of action, defenses or interests, of the Debtors, creditors, equity holders or any statutory committee appointed in any of these bankruptcy cases with respect to any person or entity other than the Purchaser or any affiliate, designee, successors, assigns, directors, officers (the "Purchaser and its Affiliates") including but not limited to any claim for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, setoff, recoupment, subordination or recharacterization, whether or not arising out of any actions taken in connection with the sale or the APA, (collectively, the "Retained Actions"). To be clear, to the extent that there is any

inconsistency between this paragraph 18 and paragraph 8 hereof, the terms of paragraph 8 shall govern.

19. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to the Purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who maybe required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

20. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

21. The Debtors are hereby authorized to consummate and otherwise perform any necessary transaction contemplated and approved by the Cayman Court's order approving the Sale.

22.  Nothing in this Sale Order shall modify or waive any closing conditions or termination rights in the APA, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

23.  The failure specifically to include any particular provisions of the APA or any of the documents, agreements or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement or instrument, it being the intent of the Court that the APA and each document, agreement or instrument be authorized and approved in its entirety.

Dated: July 9, 2012
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge